# EXHIBIT D

| | |
|---|---|
| **From:** | Henry Cittone <hcittone@cdalawllp.com> |
| **Sent:** | Wednesday, April 21, 2021 4:03 PM |
| **To:** | McMichael, Lawrence G.; dan@streamacquisitiongroup.com; raja@streamacquisitiongroup.com |
| **Cc:** | 'Mathu Rajan'; Antoaneta Tarpanova; Weis, Martin J.; Aaronson, Anne M. |
| **Subject:** | RE: Stream TV - Rembrandt litigation - Post-petition counsel appointment |

Thanks Lawrence,

Please file the application and we'll get to work on responding to Rembrandt. Stream is a defendant in that case. Also the whole thing stems from the actions of a former officer of Stream TV (Shadron "Shad") who proposed term sheet for settlement with Rembrandt (though not finalized) that would essentially wreck the company finances. Rembrandt is seeking to enforce that as a final settlement - we were about to start a second round of briefing on the matter after the Magistrate called for more briefing by the parties due to Rembrandt's not addressing certain items in its opening brief. Shad is also trying to get his hands on company assets and personnel. Apparently he has loans to Stream TV and has formed a new competing entity Seecubic, Inc.

Best regards,

Henry

**From:** McMichael, Lawrence G.
**Sent:** Wednesday, April 21, 2021 3:50 PM
**To:** Henry Cittone ; dan@streamacquisitiongroup.com; raja@streamacquisitiongroup.com
**Cc:** 'Mathu Rajan' ; Antoaneta Tarpanova ; Weis, Martin J. ; Aaronson, Anne M.
**Subject:** RE: Stream TV - Rembrandt litigation - Post-petition counsel appointment

We can file an application to retain you as "special counsel" for that litigation. It is not a problem being a creditor if your role is limited to the litigation. Is Stream a defendant in that case? If so, it is stayed and there is no need to do anything right now except respond to the inquiries from Rembrandt.

**Lawrence G. McMichael | Dilworth Paxson LLP**
1500 Market Street | Suite 3500E | Philadelphia, PA 19102
Tel: (215) 575-7268 | Fax: (215) 575-7200
lmcmichael@dilworthlaw.com | www.dilworthlaw.com

**From:** Henry Cittone [mailto:hcittone@cdalawllp.com]
**Sent:** Wednesday, April 21, 2021 3:44 PM
**To:** dan@streamacquisitiongroup.com; raja@streamacquisitiongroup.com; McMichael, Lawrence G.
**Cc:** 'Mathu Rajan'; Antoaneta Tarpanova
**Subject:** RE: Stream TV - Rembrandt litigation - Post-petition counsel appointment

Dear Lawrence,

Stream TV has asked that we be appointed post-petition counsel so we can assist in the case. We have been counsel of record on the case versus Rembrandt for some time now and are intimately familiar with the details of the case. We're also listed as a creditor in the bankruptcy (which complicates things). Dan and I had a talk yesterday and we believe that if we are appointed post-petition counsel that will solve the issue.

Please let us know what we need to do to be appointed post-petition counsel.

Best regards,

Henry

Henry Cittone | Partner

Cittone Demers & Arneri LLP
11 Broadway, Suite 615, New York, NY 10004
hcittone@cdalawllp.com | 212.710.5619

---

**From:** Henry Cittone
**Sent:** Tuesday, April 20, 2021 8:03 PM
**To:** dan@streamacquisitiongroup.com; raja@streamacquisitiongroup.com; 'McMichael, Lawrence G.' <lmcmichael@dilworthlaw.com>
**Cc:** 'Mathu Rajan' <mathu@streamacquisitiongroup.com>
**Subject:** RE: Stream TV - Rembrandt litigation

Thanks for the kind words Dan.

I'll have comments shortly to you guys.

Best regards,

Henry

---

**From:** dan@streamacquisitiongroup.com <dan@streamacquisitiongroup.com>
**Sent:** Tuesday, April 20, 2021 8:02 PM
**To:** raja@streamacquisitiongroup.com; Henry Cittone <hcittone@cdalawllp.com>; 'McMichael, Lawrence G.' <lmcmichael@dilworthlaw.com>
**Cc:** 'Mathu Rajan' <mathu@streamacquisitiongroup.com>
**Subject:** RE: Stream TV - Rembrandt litigation

All,

Henry will be sharing his thoughts with us all on the case. His law firm has done a nice job for us since the case was transferred from DLA Piper.

Dan

---

**From:** raja@streamacquisitiongroup.com <raja@streamacquisitiongroup.com>
**Sent:** Tuesday, April 20, 2021 6:55 PM
**To:** dan@streamacquisitiongroup.com; 'Henry Cittone' <hcittone@cdalawllp.com>; 'McMichael, Lawrence G.'

2

<lmcmichael@dilworthlaw.com>
**Cc:** 'Mathu Rajan' <mathu@streamacquisitiongroup.com>
**Subject:** RE: Stream TV - Rembrandt litigation

*Also what I think is particularly relevant was that Shad Stastney when he was the Vice Chairman and CFO of Stream TV, took over the potential settlement negotiations from Raja and went to a settlement conference with Rembrandt on April 9, 2019. Shadron signed a settlement "term sheet" that provided cash payment to Plaintiffs approximately $20m + over 30 years.*

*What is particularly shocking is Shadron never called Raja during the settlement conference to relay the terms. Raja only learned of the terms that Shad signed from our former lawyers at DLA Piper.*

*When Raja told Plaintiff later what Shad had done in terms of the alleged threat of debt foreclosure, Plaintiff moved to enforce the Shad settlement document of April 9, 2019.*

*What Henry did was largely defend against that enforcement and argued that it was not enforceable and it was only settlement negotiations. The court had not ruled on that issue yet.*

*Some people think that Shadron signed that settlement term sheet intentionally to bankrupt Stream. Don't know but that makes a lot more sense in hindsight.*

---

**From:** dan@streamacquisitiongroup.com <dan@streamacquisitiongroup.com>
**Sent:** Tuesday, April 20, 2021 7:42 PM
**To:** 'Henry Cittone' <hcittone@cdalawllp.com>
**Cc:** 'McMichael, Lawrence G.' <lmcmichael@dilworthlaw.com>; 'Mathu Rajan' <mathu@streamacquisitiongroup.com>; raja@streamacquisitiongroup.com
**Subject:** Stream TV - Rembrandt litigation

==PS Larry: Henry's firm represented Stream pre-petition in the Rembrandt matter==

Henry,

Below is the summary of the case that we have included in Stream TV's bankruptcy's filings:

**Rembrandt 3D Holding Ltd v. Stream TV Network, Inc. et al.; No. 17-CV-882 (RA)**

On January 6, 2017, Rembrandt 3D Holding Ltd. ("Plaintiff"), filed suit against the Company in the Supreme Court of New York, New York County. The Company removed the action to the U.S. District Court for the Southern District of New York on February 6, 2017, and then moved to dismiss the case for failure to state a claim. Plaintiff then filed the operative First Amended Complaint on June 23, 2017, alleging patent infringement, breach of a Non-Disclosure Agreement entered into by the parties in 2010, promissory estoppel, and unjust enrichment. The promissory estoppel and unjust enrichment claims are also alleged against the Company's CEO and COO. The Company moved to dismiss the First Amended Complaint in its entirety on the grounds that venue is improper for the patent infringement claims and the remaining causes of action fail to set forth a claim. The motion was fully briefed and argued in April of 2018 before the U.S. District Court for the Southern District of New York. The Court ruled that the venue of New York was improper for the patent infringement claims and such must be removed to the U.S. District Court for either Delaware or Eastern District

of Pennsylvania for any further consideration. The Court has also issued an order referring the case pertaining to the non-patent causes of action to a settlement conference before a Federal Magistrate Judge and formally entered a stay of the case on those matters while settlement talks are pending. The Company does not believe the Plaintiff's claims against it have any merit and if a good faith settlement is not reached then will continue to vigorously defend itself against such.

This action is stayed pursuant to the bankruptcy filing.

Please share with Larry (copied here) and Raja and I whatever thoughts you have.

Thank you for calling today.

Dan

---

www.DilworthLaw.com

This E-Mail is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege. If you have received this communication in error, please do not distribute it and notify us immediately by email: postmaster@dilworthlaw.com or via telephone: 215-575-7000 and delete the original message. Unless expressly stated in this e-mail, nothing in this message or any attachment should be construed as a digital or electronic signature or as a legal opinion.

4