**EXHIBIT H**

**Fill in this information to identify the case:**

Debtor 1  TECHNOVATIVE MEDIA INC

Debtor 2 _____
(Spouse, if filing)

United States Bankruptcy Court for the: Eastern District of Pennsylvania

Case number  23-10764

Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents**; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Rembrandt 3D Holding, Ltd
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Andrew DeMarco, Esq. (PA Bar No. 326294)
Name

1526 Gilpin Avenue
Number    Street

Wilmington          DE        19806
City              State     ZIP Code

Contact phone (302) 449-9010

Contact email ademarco@devlinlawfirm.com

Where should payments to the creditor be sent? (if different)

Name _____

Number    Street _____

City      State   ZIP Code _____

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
_ _ _ _ — _ _ _ _ — _ _ _ _ — _ _ _ _

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) ___

Filed on ___ / ___ / ___
            MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                        Proof of Claim                              page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?**   $ _____1,212,407,000.00_____ . **Does this amount include interest or other charges?**

☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

**(See Addendum to Proof of Claim and other attachments)**

**9. Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.

   **Nature of property:**
   ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
   ☐ Motor vehicle
   ☐ Other. Describe: _____

   **Basis for perfection:** _____
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   **Value of property:**                                $_____
   **Amount of the claim that is secured:**   $_____
   **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

   **Amount necessary to cure any default as of the date of the petition:**   $_____

   **Annual Interest Rate** (when case was filed) _____%
   ☐ Fixed
   ☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition.   $_____

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

Official Form 410    **Proof of Claim**    page 2

### 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*  **Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).  $_____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).  $_____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).  $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).  $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).  $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies.  $_____

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date __10/21/2024__
            MM / DD / YYYY

_Signature: Stephen K Blumenthal_

**Print the name of the person who is completing and signing this claim:**

| | | | |
|---|---|---|---|
| Name | Stephen | K | Blumenthal |
| | First name | Middle name | Last name |
| Title | President & CEO | | |
| Company | Rembrandt 3D Holding Ltd. | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 128 Bull Hill Road | | |
| | Number  Street | | |
| | Newfield | NY | 14867 |
| | City | State | ZIP Code |
| Contact phone | 607-327-2645 | Email | steve@rembrandt3d.com |

Official Form 410    Proof of Claim    page 3

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>Stream TV Networks, Inc., *et al.*[1]<br><br>The Debtors. | Chapter 11<br><br>Bky Case No. 23-10763 (AMC)<br>(Jointly Administered) |
| In re:<br><br>Technovative Media, Inc.,<br><br>Debtor. | Chapter 11<br><br>Bky Case No. 23-10764 (AMC) |

## ADDENDUM TO PROOF OF CLAIM

Claimant Rembrandt 3D Holding Ltd. ("Rembrandt") a Nevis corporation, by and through its attorneys, and in further support of its Proof of Claim ("PoC") against the Debtor Technovative Media, Inc. ("Technovative") states:

1. Rembrandt holds title to certain patents and trade secrets developed by its President and CEO, Stephen Blumenthal, and his former company 3DFusion Corp ("3DFusion") that form the basis for the litigation and claims outlined below and this PoC, including but not limited to its improved Philip's 3DASD technology (or glasses-free 3D autostereoscopic display technology).

2. On February 21, 2023, Rembrandt filed a complaint (the "Complaint") in the United States District Court for the District of Delaware against Technovative, Hawk Investment Holdings Ltd., and SeeCubic, Inc. (collectively, the "Defendants") for misappropriation of trade secrets and injunctive relief. The litigation commenced by the Complaint was stayed with respect to

---

[1] The Debtors, together with the last four digits of the Debtors' federal tax identification numbers, are Stream TV Networks, Inc. (4092) and Technovative Media, Inc. (5015). The location of the Debtors' service address is: 2009 Chestnut Street, 3rd Floor, Philadelphia, PA 19103.

78352255;3

Technovative as a result of its bankruptcy filing on March 15, 2023, however Rembrandt's claims with respect to the infringement of its patents and misappropriation of its trade secrets are set forth in detail in the Complaint, which is incorporated by reference into this PoC and attached hereto as Exhibit A.

3. While total amount of Rembrandt's claim is difficult to calculate at the present time, Rembrandt's damages are estimated in an amount not less than $1,212,407,000.

4. Rembrandt-Holding filed a complaint in the New York State Supreme Court in January 2017 against Stream TV Network, Inc. ("Stream"), Raja Rajan, and Mathu Rajan among others (Stream, Raja Rajan, and Mathu Rajan, collectively referred to as the "Defendants"). Defendants removed the state action to the United States District Court for the Southern District Of New York, which was unopposed by Defendants. Defendants were served with the FAC on June 23, 2017 (Rembrandt 3D Holding, Ltd. v. Stream TV Network, Inc. et al, No. 17-CV-882-RA, D.I. 1-1)).

5. The May 23, 2021 settlement agreement with Stream provided Stream a complete resolution of the litigation through a license to the technology and an expectation of large purchases from Rembrandt- Holding. Stream agreed to pay Rembrandt-Holding $5,840,000 in cash, 2,000,000 warrants to purchase Stream stock, 100 4K TVs for no charge, 8 8K prototypes at no charge, and the right to purchase 3,015,000 8K 3DASD LCD units at cost.

6. Rembrandt-Delaware previously purchased a Stream for $5,250, so we estimated the value of the no charge TVs and the 8K prototypes to be about $567,000.

7. Based on Shadron Stastney's statements, we estimated at Stream's margin was approximately $400/unit so the ability to purchase 3,015,000 units at cost was worth approximately $400/unit x 3,015,000 units = $1,206,000,000.

78352255;3

8. While Stream was licensed under the May 23, 2021 settlement agreement, Technovative was not unless it was engaged in making product for Stream. However, as alleged in the Complaint (Exhibit A), Technovative engaged in misappropriate of Rembrandt's technology and was engaged in activities for the benefit of entities that were not licensed under the May 23, 2021 settlement agreement. Given that the products and services that were being offered by Technovative and the intellectual property owned by Rembrandt are identical, it is reasonable to value the claim against Technovative at a similar value to the value of the settlement with Stream.

9. By virtue of the filing of this claim, Rembrandt does not waive, and hereby expressly reserves, Rembrandt's right to pursue any and all claims and requests for payment including, but not limited to, the claims and requests for payment described herein against the Debtor based on the facts and circumstances giving rise to any indemnification claim or under any other alternative legal theories. In addition, certain of Rembrandt's claims cannot at this time be reasonably calculated in all respects, and Rembrandt does not waive any of its rights to any and all such claims by not ascribing a specific dollar amount thereto at this time.

10. Rembrandt reserves all rights to (i) amend, clarify, modify, update or supplement this PoC at any time and in any respect, including without limitation to assert additional claims and requests for payment or additional grounds for Rembrandt's claim; (ii) file additional proofs of claim at any time and in any respect; (iii) file separate proofs of claim as: (a) permitted by any order entered in this case establishing a deadline to file proofs of claim; (b) required or permitted by law; or (c) otherwise ordered by the Bankruptcy Court; and/or (iv) file a request for payment of an administrative expense or priority claim in accordance with 11 U.S.C. §§ 503(b) and 507(a). By virtue of the filing of this PoC, Rembrandt does not waive, and hereby expressly reserves Rembrandt's rights to pursue any and all claims and requests for payment, including but not limited

78352255;3

to, the claims and requests for payment described herein against the Debtor based on the facts and circumstances giving rise to the claims asserted in this PoC or any other alternative legal theories.

11. All reservations of rights and benefits set forth in this PoC apply to the indebtedness and claims set forth herein.

12. No judgment has been rendered on this PoC.

13. The execution and filing of this PoC is not and shall not be deemed or construed as: (a) a waiver or release of Rembrandt's rights against any person, entity, or property, which may be liable for all or any part of the claims asserted herein, including but not limited to guarantors or co-debtors; (b) a consent by Rembrandt to the jurisdiction or venue of the Bankruptcy Court with respect to proceedings, if any, commenced in the Debtors' Chapter 11 cases against or otherwise involving Rembrandt; (c) a waiver or release of Rembrandt's right to trial by jury in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution; (d) a waiver or release of Rembrandt's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court Judge; (e) a waiver of the right to move or to withdraw the reference with respect to the subject matter of this PoC, any objection thereto or other proceeding which may be commenced in the Debtors' Chapter 11 cases against or otherwise involving Rembrandt; (f) an election of remedies; or (g) a waiver or limitation of any procedural or substantive rights or defenses to any claim that may be asserted against Rembrandt by the Debtor, trustee or examiner appointed in this case or any subsequent case, or any other party.

78352255;3

14. All notices concerning this PoC should be sent to counsel for Rembrandt at Devlin Law Firm LLC, 1526 Gilpin Avenue, Wilmington DE 19806.

Date: October 21, 2024                                    Respectfully submitted,

*/s/ Andrew DeMarco*
Andrew DeMarco, Esq. (PA Bar No. 326294)
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251
ademarco@devlinlawfirm.com

*Attorneys for Rembrandt 3D Holding Ltd.*