# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **Stream TV Networks, Inc.,** *et al*. | : | **Bankruptcy No. 23-10763 (DJB)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |
| | : | |
| **William A. Homony, in his Capacity as Chapter 11 Trustee of the Bankruptcy Estates of Stream TV Networks, Inc. and Technovative Media, Inc.** | : | **Adv. No. 25-00138 (DJB)** |
| | : | |
| **Plaintiff** | : | Re: Adv. D.I. No. 4 |
| | : | |
| **v.** | : | |
| | : | |
| **Rembrandt 3D Holding Ltd., et al.,** | : | |
| | : | |
| **Defendants.** | : | |

# ORDER

AND NOW, this ____ day of _____, 2025, upon consideration of Defendant Raja Rajan's Motion to Compel Rule 9011 Discovery [Adv. D.I. No. 4], and the Trustee's opposition thereto, it is hereby ORDERED that the Motion is DENIED.

 

_____
DEREK J. BAKER
UNITED STATES BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re:** | : | Chapter 11 |
| **Stream TV Networks, Inc.,** *et al*. | : | Bankruptcy No. 23-10763 (DJB) |
| Debtors. | : | (Jointly Administered) |
| | | |
| **William A. Homony, in his Capacity as Chapter 11 Trustee of the Bankruptcy Estates of Stream TV Networks, Inc. and Technovative Media, Inc.** | : | Adv. No. 25-00138 (DJB) |
| Plaintiff | : | Re: Adv. D.I. No. 4 |
| v. | : | |
| **Rembrandt 3D Holding Ltd., et al.,** | : | |
| Defendants. | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO RAJA RAJAN'S MOTION TO COMPEL DISCOVERY RESPONSES**

 

**COREN & RESS, P.C.**
STEVEN M. COREN
Two Commerce Square, Suite 3900
2001 Market Street
Philadelphia, PA 19103
Tel: (215) 735-8700
Fax: (215) 735-5170

Special C*ounsel for Plaintiff*
*William A. Homony, Chapter 11 Trustee*

**TABLE OF CONTENTS**

Table of Authorities ................................................................................................................. ii

I.   FACTUAL AND PROCEDURAL HISTORY ........................................................................1

II.  ARGUMENT ...........................................................................................................................2

III. CONCLUSION ........................................................................................................................6

## **TABLE OF AUTHORITIES**

**Cases**
*Bunce v. Visual Tech. Innovations, Inc.*, 2025 WL 662398 (E.D. Pa. Feb. 27, 2025) .................... 6
*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) ......................................................................... 4, 5
*Dickson v. Murphy*, 202 F. App'x 578 (3d Cir. 2006) ..................................................................... 3
*In re Revco D.S., Inc.*, 126 B.R. 741 (Bankr. N.D. Ohio 1991) ....................................................... 2
*In re Studio 2000 USA, Inc.*, 2003 WL 1956241 (Bankr. N.D. Cal. Apr. 11, 2003) ....................... 3
*Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers, Union No. 63 v. Glaziers,
    Architectural Metal & Glass Workers Loc. Union No. 27*, 40 F. Supp. 2d 997
    (N.D. Ill. 1999) .............................................................................................................................. 5
*Jones v. Bank of Santa Fe (In re Courtesy Inns, Inc.)*, 40 F.3d 1084 (10th Cir. 1994) .................. 6
*Vasudevan Software, Inc. v. Int'l Bus. Machines Corp.*, 2011 WL 940263
    (N.D. Cal. Feb. 18, 2011) ............................................................................................................ 3

**Other Authorities**
Lawrence R. Ahern, III & Nancy F. Maclean, Bankruptcy Procedure Manual § 9011:1
    (2025 ed.) ................................................................................................................................... 3

**Rules**
Fed. R. Bankr. P. 9011 ............................................................................................................... *passim*
Fed. R. Civ. P. 11 ............................................................................................................................. 3
Fed. R. Bankr. P. 7026 .................................................................................................................... 4
Fed. R. Civ. P. 26 ............................................................................................................................ 4

Plaintiff William A. Homony, in his capacity as Chapter 11 Trustee (the "Trustee") of the bankruptcy estates of Stream TV Networks, Inc. ("Stream") and Technovative Media Inc. ("Technovative," and collectively with Stream, the "Debtors"), by and through his undersigned counsel, submits this Memorandum of Law in support of his opposition to the Motion to Compel Discovery Responses From Plaintiff Relating to Defendant's Motion For Sanctions Pursuant to Bankruptcy Rule 9011, FRCP 11, 28 U.S.C. § 1927, and the Court's Inherent Authority (the "Motion to Compel," Adv. D.I. 4) filed by Defendant Raja Rajan ("Attorney Rajan"). In support of his opposition, Plaintiff respectfully states as follows.

I.     **FACTUAL AND PROCEDURAL HISTORY**

On April 30, 2025, the Trustee initiated the instant adversary proceeding by filing a Complaint (Adv. D.I. 1) against Defendants Rembrandt 3D Holding Ltd. ("Rembrandt"), Visual Semiconductor, Inc. ("VSI"), Mathu Rajan, Brown and Michaels, P.C., and Attorney Rajan. The Complaint seeks, *inter alia*, to avoid and invalidate any/all obligations and associated transfers in connection with a pre-petition and two post-petition agreements among Stream and certain of the Defendants. *See* Complaint at ¶ 1. Among the agreements which the complaint seeks to avoid and invalidate are: 1) a collusive Settlement Agreement and Mutual Release dated May 23, 2021 (the "Settlement Agreement") among Stream, Rembrandt, Mathu Rajan, and Attorney Rajan, attached to the Complaint as Exhibit B, and 2) a post-petition amendment to the Settlement Agreement (the "Settlement Amendment") dated August 12, 2023, among the same parties, attached to the Complaint as Exhibit E.

As alleged in the Complaint, the Settlement Agreement has terms nearly identical to those set forth in a settlement term sheet which was held to be unenforceable by the United States District Court for the Southern District of New York, before which litigation brought by Rembrandt against

1

Stream, Mathu Rajan, and Attorney Rajan was pending.  Complaint, Adv. D.I. 1 at ¶¶ 24-25.  The allegations of the Complaint are supported by, among other things, an April 20, 2021 email in which Attorney Rajan agreed with the sentiment that the purpose of the term sheet was "intentionally to bankrupt Stream."  *Id.* at ¶ 24 and Exhibit D.  While serving as Stream's General Counsel, Complaint at ¶ 13, just over a month after expressing agreement with the viewpoint that the Settlement Agreement was designed to intentionally bankrupt the Debtor, Attorney Rajan joined as a party and purportedly benefited from that agreement.  *See* Complaint at Exhibit B.

On May 7, 2025, Attorney Rajan, appearing *pro se* in the instant adversary, filed his Motion to Compel.  As detailed in the motion, on May 2, 2025, Attorney Rajan sent undersigned counsel an anticipated motion for Rule 9011 sanctions for filing the Complaint, along with associated document requests, interrogatories, requests for admission, and a request to depose the Trustee (the "Discovery Requests").  *See* Motion to Compel at ¶¶ 6, 8, 9.  Undersigned counsel responded that discovery was premature and accordingly that the requests would not be honored.  *Id.* at ¶ 10.

## II. ARGUMENT

The Motion to Compel seeks discovery relating to Attorney Rajan's yet-to-be-filed motion under Federal Rule of Bankruptcy Procedure 9011(b), which provides that an attorney or unrepresented party who signs a pleading filed in a bankruptcy case certifies that, to the best of his knowledge, information and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law.  Rule 9011 "adopts Rule 11 of the Federal Rules of Civil Procedure . . . with only minor changes for use appropriate to bankruptcy cases."  *In re Revco D.S., Inc.*, 126 B.R. 741, 745 (Bankr. N.D. Ohio 1991); *see also* Fed. R. Bankr. P. 9011, Comm. Note to 1991 and 1997 Amendments (noting that Rule 9011 conforms to Rule 11 where appropriate for bankruptcy

2

proceedings); LAWRENCE R. AHERN, III & NANCY F. MACLEAN, BANKRUPTCY PROCEDURE MANUAL § 9011:1 (2025 ed.) ("Rule 9011 conforms to Civil Rule 11. . . . To the extent the rules are virtually identical, courts seeking illumination on Rule 9011 may look to Civil Rule 11 and cases interpreting it.").

It is well-established that "discovery is generally not allowed for preparation of Rule 9011 motions." *See In re Studio 2000 USA, Inc.*, 2003 WL 1956241, at *5 (Bankr. N.D. Cal. Apr. 11, 2003). As set forth in Rule 11's advisory committee notes,

> To assure that the efficiencies achieved through more effective operation of the pleading regimen will not be offset by the cost of satellite litigation over the imposition of sanctions, the court must to the extent possible limit the scope of sanction proceedings to the record. ***Thus, discovery should be conducted only by leave of the court, and then only in extraordinary circumstances.***

Fed. R. Civ. P. 11, advisory committee notes to 1983 amendments (emphasis added); *see also, e.g., Vasudevan Software, Inc. v. Int'l Bus. Machines Corp.*, 2011 WL 940263, at *5 (N.D. Cal. Feb. 18, 2011) (collecting cases holding that discovery in relation to Rule 11 motions is allowed only in extraordinary circumstances).

Here, Attorney Rajan fails to demonstrate circumstances warranting Rule 9011 discovery in the instant action, much less the extraordinary circumstances required before such discovery can occur. While Attorney Rajan expresses the view that he is not a proper party to this case, the Trustee is seeking to avoid/invalidate agreements to which he is a signatory, and accordingly he is not only a proper party, but likely a necessary party. *See, e.g., Dickson v. Murphy*, 202 F. App'x 578, 580–81 (3d Cir. 2006) (in case alleging fraud and breach of contract, affirming the "District Court['s] f[inding] that . . . non-joined parties were necessary parties because they were signatories to one or both of the agreements."). Moreover, the Complaint alleges, with supporting documentation, that Attorney Rajan signed the Settlement Agreement after acknowledging in an

3

email that it would be ruinous to the Debtor. Complaint at ¶ 24 and Exhibit D. As the Trustee will argue should Attorney Rajan ever file his Rule 9011 motion, this email and Rajan's potential status as a necessary party establish a good faith basis for the Trustee's allegations, rendering Rajan's anticipated sanctions motion frivolous. While Attorney Rajan is entitled to defend against the Trustee's Complaint on its merits and can take appropriate discovery in support of such efforts at the proper time, he is not entitled to take wide ranging discovery in support of a yet-to-be-filed and baseless sanctions motion.

Notably, Attorney Rajan's Motion to Compel does not mention the disfavored status of Rule 9011 discovery and contains just two paragraphs citing legal authority for his request. The first, paragraph 15, states that "[d]iscovery in adversary proceedings is governed by Federal Rules of Bankruptcy Procedure 7026-7037, which incorporate the Federal Rules of Civil Procedure." While Attorney Rajan's contention is correct, it does not support his Motion to Compel. Federal Rule of Civil Procedure 26(d)(1), applicable in adversary proceedings via Federal Rule of Bankruptcy Procedure 7026, states that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." In the instant proceeding, defendants have yet to respond to the Complaint, the Rule 26(f) conference has not occurred, and the parties accordingly "may not seek discovery from any source" (much less discovery targeted at Rule 9011, which, even if served after the Rule 26(f) conference, is permissible only in extraordinary circumstances).

The second alleged source of legal support in Attorney Rajan's Motion to Compel comes in paragraph 17, which states in full as follows:

> "A party cannot shield itself from sanctions-related discovery simply by refusing to cooperate under the pretext of timing." See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32 (1991); Jones v. Bank of Santa Fe, 40 F. Supp. 2d 1001 (D.N.M. 1999).

4

Motion to Compel at ¶ 17 (quotation marks in original). Undersigned counsel is at a loss to see how the cited cases support Attorney Rajan's Motion to Compel. The first – *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) – simply held that federal courts have the inherent power to impose sanctions for bad faith conduct, and that this power is not displaced by the Federal Rules of Civil Procedure or state law. The case does not contain the language quoted by Attorney Rajan, nor does it contain the words "shield" or "timing." To the extent it is at all relevant to the instant motion, *Chambers* notes that Rule 11 sanctions directed at the pleadings are in the typical case most properly addressed at the end of litigation. *Chambers*, 501 U.S. at 56 n. 19 (quoting Advisory Committee Notes on 1983 Amendment to Rule 11 -- "The time when sanctions are to be imposed rests in the discretion of the trial judge. However, it is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation[.]").

The second cited case – "Jones v. Bank of Santa Fe, 40 F. Supp. 2d 1001 (D.N.M. 1999)" – does not appear under the citation listed by Attorney Rajan.[1] Moreover, undersigned counsel

---

[1] The citation "40 F. Supp. 2d 1001" corresponds with *Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers, Union No. 63 v. Glaziers, Architectural Metal & Glass Workers Loc. Union No. 27*, 40 F. Supp. 2d 997, 1000 (N.D. Ill. 1999).

5

was unable to locate a case with a similar citation[2], and an "All Federal" Westlaw search for the language quoted by Attorney Rajan yielded no hits.[3]

## III. CONCLUSION

In light of the foregoing facts and authorities, Plaintiff respectfully requests that this Court deny Attorney Rajan's Motion to Compel. Attorney Rajan has failed to demonstrate a legal or factual basis establishing the extraordinary circumstances justifying Rule 9011 discovery, especially at this early stage of the case.

Dated: May 21, 2025

Respectfully submitted,

*/s/ Steven M. Coren*
Steven M. Coren, Esquire
COREN & RESS, P.C.
Two Commerce Square, Suite 3900
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 735-8700
scoren@kcr-law.com
*Special Counsel to the Trustee*

---

[2] An "All Federal" Westlaw search for "'Jones v. Bank of Santa Fe'" revealed the case *Jones v. Bank of Santa Fe (In re Courtesy Inns, Inc.)*, 40 F.3d 1084 (10th Cir. 1994), which held that bankruptcy courts have the inherent sanctions power recognized by the Supreme Court in *Chambers*. While this may have been a case Attorney Rajan intended to cite given its reliance on *Chambers*, it is from the Tenth Circuit (not the District of New Mexico), is from 1994 (not 1999), does not contain Attorney Rajan's quoted language (nor does it contain the words "shield" or "timing"), and in no way supports a request for Rule 9011 discovery under the circumstances presented here.

[3] In *Bunce v. Visual Technology Innovations, Inc.*, et al., E.D. Pa. No. 23-01740-KNS, Attorney Rajan appeared as counsel on behalf of his brother Mathu Rajan (a co-defendant in the instant case) and Visual Technology Innovations, Inc. (a party related to VSI, a co-defendant in the instant case) to defend against claims brought by a defrauded investor. The *Bunce* Court found that Attorney Rajan used ChatGPT to "completely write his motions and provide citations" without taking "the elementary step to verify the cases," which resulted in his submission to the Court of nonexistent, miscited, and defunct caselaw. *See Bunce v. Visual Tech. Innovations, Inc.*, No. CV 23-1740, 2025 WL 662398, at *3 (E.D. Pa. Feb. 27, 2025). Despite having been sanctioned in *Bunce*, Attorney Rajan has failed to change his behavior and thereby caused the Trustee to expend resources defending against a motion invoking nonexistent and inapposite caselaw.

## **CERTIFICATE OF SERVICE**

I, Steven M. Coren, hereby certify that on May 21, 2025, I caused a copy of the foregoing Opposition to Motion to Compel to be filed electronically and made available for viewing and downloading from the ECF system. This document will be served upon the following parties by ECF:

> RAJA G. RAJAN
> 5215 Bishops View Circle
> Cherry Hill, NJ 08002
> 267-566-0355
> Email: raja@advisory-capital-solutions.com
> *Pro se*

> /s/ Steven M. Coren
> Steven M. Coren