**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: ) | Chapter 11 |
| Stream TV Networks, Inc., *et* ) | Bankruptcy No. 23-10763 (DJB) |
| *al*. ) | |
| Debtors. ) | |
| William A. Homony, in his ) | |
| Capacity as Chapter 11 ) | |
| Trustee of the Bankruptcy ) | |
| Estates of Stream TV ) | |
| Networks, Inc. ) | Adv. No. 25-00138- (DJB) |
| and Technovative Media, Inc. ) | |
| Plaintiff ) | |
| v. ) | |
| Rembrandt 3D Holding Ltd., ) | |
| Visual Semiconductor, Inc., ) | |
| Mathu Rajan, ) | |
| **Raja Rajan,** and ) | |
| Brown and Michaels, P.C., ) | |
| Defendants. ) | |

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant Raja Rajan, by and through undersigned counsel, hereby files this Answer and

Affirmative Defenses to the Complaint filed by Plaintiff William A. Hominy, and in response to

the numbered allegations of the Complaint, states as follows:

**INTRODUCTION for ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

It is apparent to Raja Rajan that Plaintiff William A. Hominy initiated this adversary proceeding

and improperly joined him as a Defendant for ulterior and abusive purposes. These include, but

are not limited to: (1) exerting pressure on Defendant Rajan to support Plaintiff Hominy's

position that the Proof of Claim filed by Rembrandt 3D Holdings Ltd. ("**Rembrandt**") is invalid,

based on Plaintiff Hominy's assertion that the underlying settlement agreements are

**1**

unenforceable; (2) retaliating against Defendant Rajan due to his familial relationship with

another Defendant, Mathu Rajan; (3) harassing Defendant Rajan in connection with parallel

litigation filed against Plaintiff Homony by Rembrandt in the United States District Court for the

Eastern District of Pennsylvania, Bankruptcy Division, adversary Case No. 24-00142-djb; and

(4) advancing the interests of certain creditors who acquired the Debtors' technology assets

through a Section 363 sale, by undermining Rembrandt's claim position in this proceeding.

These tactics are not only improper but have caused — and continue to cause — material harm

to Defendant Rajan. As a result, Defendant Rajan has moved for sanctions against Plaintiff

Homony and, in these proceedings [Adversary Docket 7], asserting that the adversary proceeding

filed against him was brought in bad faith and without a good-faith legal or factual basis. The

counterclaims are contingent that will become operative upon a judicial determination that

Plaintiff Homony is not entitled to qualified immunity to defend against an adversary complaint

against him by one of the Defendants.

### GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b), made applicable to this adversary proceeding

by Bankruptcy Rule 7008, Defendant Rajan denies each and every allegation contained in the

Complaint except as specifically admitted herein.

### INTRODUCTION IN COMPLAINT

1.    Denied. Defendant Raja Rajan categorically denies that this adversary Complaint

was filed by Plaintiff Homony in his capacity as trustee for any lawful or proper purpose. Rather,

it is being weaponized against Defendant Rajan based on frivolous, retaliatory, and bad-faith

justifications, as detailed throughout this pleading. The inclusion of Defendant Rajan as a

Defendant is a transparent act of harassment intended to exert pressure on him, punish his

familial relationship with co-Defendant Mathu Rajan, and improperly benefit Plaintiff Hominy

in other litigation in which he is personally involved. If Plaintiff had any legitimate basis for

Defendant Rajan's involvement, he would have been designated a witness—not wrongfully

named as a Defendant in this adversary proceeding.

**JURISDICTION & VENUE**

2.      Denied.  This averment is a legal conclusion to which no responsive pleading is

required.

3.      Denied.  This averment is a legal conclusion to which no responsive pleading is

required.

4.      Denied.  This averment is a legal conclusion to which no responsive pleading is

required.

**PARTIES**

**A. The Plaintiff**

5.      Admitted.  However, Defendant Rajan anticipates that Plaintiff Hominy will be

removed as Chapter 11 Trustee in the bankruptcy cases of the Debtors in the future once his

wrongdoings are acted upon by the appropriate authorities.

6.      Admitted.

7.      Denied. Defendant Raja Rajan categorically denies the allegations in Paragraph 7.

The referenced documents are written instruments that speak for themselves, and any contrary

or distorted characterization by Plaintiff Hominy is expressly rejected. Defendant Rajan's sole

material interest in the Debtor Stream TV's bankruptcy was as a former employee with unpaid

compensation and nothing beyond that. Plaintiff Hominy's decision to name Defendant Rajan in

this adversary proceeding is baseless, vindictive, and calculated to harass. The action and

allegations made therein has inflicted, and continues to inflict, serious and unjustified harm upon Defendant Rajan.

8.      Denied. The referenced documents are written instruments that speak for themselves, and any contrary or distorted characterization by Plaintiff Hominy is expressly rejected. Defendant Rajan's sole material interest in the Debtor Stream TV's bankruptcy was as a former employee with unpaid compensation and nothing beyond that. Plaintiff Hominy's decision to name Defendant Rajan in this adversary proceeding is baseless, vindictive, and calculated to harass. The action and allegations made therein has inflicted, and continues to inflict, serious and unjustified harm upon Defendant Rajan.

9.      Admitted.

**B.  The Defendants**

10.     Denied.  This paragraph does not apparently contain any allegations directed at Defendant Rajan; therefore, no response is required. To the extent a response is deemed necessary, Defendant Rajan denies the allegations.

11.      Denied.  Defendant Rajan understands that Defendant Visual Semiconductor, Inc. ("**VSI**") is a Wyoming corporation with a registered office in the State of Wyoming is located at 30  N. Gould Street, Suite R, Sheridan, WY 82801.

12.     Admitted.

13.     Admitted in part and denied in part.  It is admitted Defendant Rajan is the brother of Defendant Mathu Rajan.  It is also admitted that Defendant Rajan was the General Counsel and Chief Operating Officer of Stream TV Networks, Inc. ("**Stream TV**") from approximately 2010 until December of 2020.  It is expressly denied that Defendant Rajan had any formal or informal role with VSI or with any business activities with his brother Mathu Rajn after 2020.

Had Plaintiff Hominy conducted basic investigations before filing the adversary complaint against Defendant Rajan he would known those facts.

14.    Denied.  This paragraph does not apparently contain any allegations directed at Defendant Rajan; therefore, no response

**FACTS**

15.    Denied.  It is denied that there was any collusion as alleged, particularly with regard to Defendant Rajan.  Strict proof of the averment is demanded and is the basis of the harms identified in the Counterclaims.

16.    Denied as stated.  It is denied that Defendant Rajan was part of any unlawful scheme as stated.  The Court's written opinions speak for themselves and the allegations in subsections (i-iv) are therefore denied.

17.    Denied.  The dismissals of Bankruptcy filings mentioned in this averment were prior to the ruling by the Delaware Supreme Court[1] relating to the takeover of Debtor Stream TV.  Had that ruling occurred before those bankruptcy rulings the outcome alleged would not have occurred.  This averment is only intended to harass and paint a false light to support Plaintiff Homony's false allegation and arguments.

18.    Admitted in part and Denied in part as stated.  Two bankruptcy cases were filed in 2021 (one voluntary Chapter 11 and the other involuntary Chapter 7) by Stream in the United States Bankruptcy Court for the District of Delaware while Defendant Mathu Rajan was CEO.. However. the filings were not made in bad faith.

---

[1] *Stream TV Networks, Inc. v. SeeCubic, Inc.,* 279 A.3d 323 (2022) The appellate decision was resounding and reported widely. (news article by Law360 on Supreme Court is entitled "Del. Justices Reverse Stockholder Snub in 3D-TV Co. Row"  Link: Del. Justices Reverse Stockholder Snub In 3D-TV Co. Row - Law360).

19.    Denied as stated.  The dismissal of the Chapter 11 voluntary Bankruptcy filing mentioned in this averment was prior to the ruling by the Delaware Supreme Court relating to the takeover of Debtor Stream TV mentioned in paragraph 17.  Had that ruling occurred before that bankruptcy ruling the outcome alleged would not have occurred.  This averment is only intended to harass and paint a false light to support Plaintiff Homony's false allegation and arguments.

**The Collusive, Sham Settlement Agreement.**

20.    Denied as stated.  It is denied that the agreement referenced was signed in a collusive or sham manner.  In fact, a former officer and board member of Debtor Stream TV named Shadron Stastney ("**Stastney**") signed a settlement term sheet with Rembrandt in federal court in New York as mentioned in the counterclaims.  Stastney is the force behind the secured creditors in this bankruptcy and is adverse to the Rajans as he has been sued by the Rajans many times for his wrongdoings.  The writing speaks for itself, and Plaintiff's characterizations are misleading and wrong.

21.    Denied.  This paragraph contains numerous allegations that are false and misleading.

22.    Denied.  The "timing" of the prior bankruptcy was due to instance by another investor called Mark L. Bunce who actually had a requirement the bankruptcy be pursued for him in order for him to loan approximately one million dollars.

23.    Denied.  There was no "sham" or collusion as Defendant Mathu Rajan investigated the technology in more detail and concluded a settlement with Rembrandt would be necessary.  In addition, the legal evaluations of a party to litigation may be different than technical/engineering evaluations of opposing parties' claims.

6

24.    In addition, the legal evaluations of a party to litigation may be different than technical/engineering evaluations of opposing parties' claims.    Plaintiff Homony knows, or at a minimum should know, that distinction and yet makes this silly assertion anyway.

25.    Denied.  The document speaks for itself and the characterizations of the document and motivations behind it are denied.

26.    Denied.  There was no "collusive sham" in the actions as alleged.

27.    Denied.  There was no "collusive sham" in the actions as alleged.    Hawk Investment Holdings Limited and other of the Debtor Stream TV's insiders converted their debt to equity to induce a public company called Intrinsyc Technologies Corporation to convert its debt and to induce other equity investors to invest.  Plaintiff Homony would have, or at a minimum should have, known those background facts had he performed a basic investigation before filing the adversary action.

**Unauthorized Post Petition Agreements/Transactions.**

28.    Denied.  This paragraph does not apparently contain any allegations directed at Defendant Rajan; therefore, no response is required. To the extent a response is deemed necessary, Defendant Rajan denies the allegations.

29.    Admitted.

30.    Denied.  The document speaks for itself, and Plaintiff Homony's characterization is denied.

31.    Denied.  The document speaks for itself, and Plaintiff Homony's characterization is denied.  This paragraph apparently does not contain any allegations directed at Defendant Rajan; therefore, no response is required. To the extent a response is deemed necessary, Defendant Rajan denies the allegations.

32.    Denied.  The document speaks for itself, and Plaintiff Homony's characterization is denied.

33.    Denied.  The document speaks for itself, and Plaintiff Homony's characterization is denied.

34.    Denied.  The documents speak for themselves, and Plaintiff Homony's characterization is denied.  This paragraph apparently does not contain any allegations directed at Defendant Rajan; therefore, no response is required. To the extent a response is deemed necessary, Defendant Rajan denies the allegations.

35.    Denied.  This paragraph apparently does not contain any allegations directed at Defendant Rajan; therefore, no response is required. To the extent a response is deemed necessary, Defendant Rajan denies the allegations.

36.    Denied.  This paragraph apparently does not contain any allegations directed at Defendant Rajan; therefore, no response is required. To the extent a response is deemed necessary, Defendant Rajan denies the allegations.

37.    Denied.  This paragraph apparently does not contain any allegations directed at Defendant Rajan; therefore, no response is required. To the extent a response is deemed necessary, Defendant Rajan denies the allegations.

**Rembrandt's Proofs of Claim.**

38.    Denied.  This paragraph apparently does not contain any allegations directed at Defendant Rajan; therefore, no response is required. To the extent a response is deemed necessary, Defendant Rajan denies the allegations.

39.    Denied.  The documents speaks for itself and any characterizations are denied and also state legal conclusions.

40.      Denied.  This paragraph apparently does not contain any allegations directed at Defendant Rajan; therefore, no response is required. To the extent a response is deemed necessary, Defendant Rajan denies the allegations.

41.      Denied.  This paragraph apparently does not contain any allegations directed at Defendant Rajan; therefore, no response is required. To the extent a response is deemed necessary, Defendant Rajan denies the allegations.

42.      Denied.  This paragraph apparently does not contain any allegations directed at Defendant Rajan; therefore, no response is required. To the extent a response is deemed necessary, Defendant Rajan denies the allegations.  The document also speaks for itself.

43.      Denied.  This paragraph does not apparently contain any allegations directed at this Defendant; therefore, no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

44.      Denied.  This paragraph does not apparently contain any allegations directed at this Defendant; therefore, no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

45.      Denied.  This paragraph does not apparently contain any allegations directed at this Defendant; therefore, no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

46.      Denied.  This paragraph does not apparently contain any allegations directed at this Defendant; therefore, no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.  The averment also is a legal conclusion to which no responsive pleading is required.

47. Denied. The document speaks for itself, and This paragraph does not apparently contain any allegations directed at this Defendant; therefore, no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

48. Denied. While Defendant Rajan was employed by the Debtor Stream, Stream had a contract with Bosh Automotive and a deal to provide samples to Google, Inc. that would have led to significant revenue for Stream. Stream did not accomplish those results because of the unlawful taking of those contracts, technology, and other important Stream assets by Shadron Stastney to whom the Plaintiff Homony sold the assets to in a Section 363 sale without proper investigation and due diligence. In addition, this paragraph apparently does not contain any allegations directed at Defendant Rajan; therefore, no response is required. To the extent a response is deemed necessary, Defendant Rajan denies the allegations.

49. Denied. Like Most early stage companies, the technology and the prospects were so promising that investors and lenders continued to support Debtor Stream until some secured creditors took away everything from Debtor Stream out of greed.

## **CLAIMS**

**FIRST CLAIM – AVOIDANCE OF OBLIGATIONS/TRANSFERS**
**(Pursuant to 6 Del. C. §§ 1304(a)(1), 1304(a)(2), and 1305 and 11 U.S.C. § 544)**

50. Denied. This averment needs no responsive pleading.

51. Denied. While Defendant Rajan was employed at Debtor Stream, Stream had unsecured debts but most of the creditors wanted to amicably work out a payment plan for repayment because of their confidence in Stream's success since it had a contract with Bosh automotive and a solid opportunity with Google, Inc.

52.     Denied.  The settlement document speaks for itself and the motivations behind it were legitimate reasons and not the silly motives as alleged.  Shadron Stastney signed a settlement term sheet consistent with the settlement document eventually signed.

53.     Denied.  This paragraph does not apparently contain any allegations directed at this Defendant; therefore, no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

54.     Denied.  This paragraph does not apparently contain any allegations directed at this Defendant; therefore, no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

55.     Denied.  This paragraph does not apparently contain any allegations directed at this Defendant; therefore, no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

56.     Denied. Plaintiff Homony lacks sufficient knowledge or understanding of which assets are essential to operate the Debtor's business. Instead of making an informed and independent evaluation, the Plaintiff Homony sold all of the Debtors' assets in a Section 363 sale to the very party who orchestrated the unlawful transfer of those same assets from Stream in 2020.

57.     Denied.  This averment asserts a legal conclusion and apparently does not contain any allegations directed at Defendant Rajan; therefore, no response is required. To the extent a response is deemed necessary, Defendant Rajan denies the allegations.

**SECOND CLAIM – AVOIDANCE OF OBLIGATIONS/TRANSFERS**
**(Pursuant to 12 Pa. C.S.A. § 5104(a) and 11 U.S.C. § 544)**

58.     Denied.  This averment needs no responsive pleading.

**11**

59.     Denied.  This averment asserts a legal conclusion and does not apparently contain any allegations directed at this Defendant; therefore, no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

60.     Denied.  This averment asserts a legal conclusion and does not apparently contain any allegations directed at this Defendant; therefore, no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

61.     Denied.  This averment asserts a legal conclusion and does not apparently contain any allegations directed at this Defendant; therefore, no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

62.     Denied.  This averment asserts a legal conclusion and does not apparently contain any allegations directed at this Defendant; therefore, no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

63.     Denied.  This averment asserts a legal conclusion and does not apparently contain any allegations directed at this Defendant; therefore, no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

**THIRD CLAIM – AVOIDANCE OF OBLIGATIONS/TRANSFERS**
**(Pursuant to 11 U.S.C. § 549)**

64.     Denied.  This averment needs no responsive pleading.

65.     Denied.  This averment asserts a legal conclusion and does not apparently contain any allegations directed at this Defendant; therefore, no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

66.     Denied.  This averment asserts a legal conclusion and does not apparently contain any allegations directed at this Defendant; therefore, no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

**FOURTH CLAIM – REQUEST FOR DECLARATORY JUDGMENT**
**(To Void the Settlement Agreement, Settlement Amendment**
**and Licensing Covenant as Collusive, Fraudulent, the Product**
**of Breaches of Fiduciary Duty and Ultra vires)**

67.    Denied.  This averment needs no responsive pleading.

68.    Denied.  This paragraph does not apparently contain any allegations directed at this Defendant; therefore, no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

69.    Denied.  There was no collusion and Plaintiff Homony's allegations are unfounded.

70.    Denied.  This averment asserts a legal conclusion and does not apparently contain any allegations directed at this Defendant; therefore, no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

**FIFTH CLAIM – REQUEST FOR DECLARATORY JUDGMENT**
**(To Void the Settlement Agreement for Failure of Condition**
**Precedent and Lack/Failure of Consideration)**

71.    Denied.  This averment needs no responsive pleading.

72.    Denied.  This paragraph does not apparently contain any allegations directed at this Defendant; therefore, no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

73.    Denied.  This averment asserts a legal conclusion and does not apparently contain any allegations directed at this Defendant; therefore, no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

74.     Denied.  This paragraph does not apparently contain any allegations directed at this Defendant; therefore, no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

75.     Denied.  This paragraph does not apparently contain any allegations directed at this Defendant; therefore, no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.  In addition, there was no collusive sham as alleged.

76.     Denied.  This averment asserts a legal conclusion and does not apparently contain any allegations directed at this Defendant; therefore, no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

**SIXTH CLAIM – OBJECTION TO REMBRANDT PROOFS OF CLAIM**

77.     Denied.  This averment needs no responsive pleading.

78.     Denied.  This averment asserts a legal conclusion and does not apparently contain any allegations directed at this Defendant; therefore, no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.  Ther was no "sham" as alleged.

79.     Denied.  This averment asserts a legal conclusion and does not apparently contain any allegations directed at this Defendant; therefore, no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

80.     Denied.  This averment asserts a legal conclusion and does not apparently contain any allegations directed at this Defendant; therefore, no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

81.     Denied.  This averment asserts a legal conclusion and does not apparently contain any allegations directed at this Defendant; therefore, no response is required. To the extent a

response is deemed necessary, Defendant denies the allegations.  The documents also speak for themselves.

82.     Denied.  This averment asserts a legal conclusion and does not apparently contain any allegations directed at this Defendant; therefore, no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

**SEVENTH CLAIM – MANDATORY SUBORDINATION**
**(Under Section 510 (b) of the Bankruptcy Code)**

83.     Denied.  This averment needs no responsive pleading.

84.     Denied.  This averment asserts a legal conclusion and does not apparently contain any allegations directed at this Defendant; therefore, no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

85.     Denied.  This averment asserts a legal conclusion and does not apparently contain any allegations directed at this Defendant; therefore, no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

86.     Denied.  This averment asserts a legal conclusion and does not apparently contain any allegations directed at this Defendant; therefore, no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

**EIGHTH CLAIM – EQUITABLE SUBORDINATION**
**(Under Section 510 (c) of the Bankruptcy Code)**

87.     Denied.  This averment needs no responsive pleading.

88.     Denied.  No collusion occurred as the document in dispute was simply everyone's attempt to grow their respective business which would be in furtherance of interests of employees and investors.

89.     Denied. This paragraph does not apparently contain any allegations directed at this Defendant; therefore, no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.  The subparts, i.-v, are also denied.  The allegations in this paragraph are denied in their entirety. Moreover, the paragraph itself reveals the Plaintiff Homony's improper motivation in filing this adversary proceeding. A government official who claims the protection of qualified immunity should not be permitted to initiate litigation on frivolous grounds, particularly where the intent appears to be harassment and/or to gain strategic advantage in unrelated legal disputes. Such conduct is an abuse of process and undermines the integrity of the judicial system.

90.     Denied.  This averment asserts a legal conclusion and does not apparently contain any allegations directed at this Defendant; therefore, no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

91.     Denied.  This averment asserts a legal conclusion and does not apparently contain any allegations directed at this Defendant; therefore, no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

**NINTH CLAIM – RECOVERY OF TRANSFERS UNDER 11 U.S.C. § 550**
**(Against B&M and Rembrandt)**

92.     Denied.  This averment needs no responsive pleading.

93.     Denied.  This averment asserts a legal conclusion and does not apparently contain any allegations directed at this Defendant; therefore, no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

94.     Denied.  This averment asserts a legal conclusion and does not apparently contain any allegations directed at this Defendant; therefore, no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

95.     Denied.  This averment asserts a legal conclusion and does not apparently contain any allegations directed at this Defendant; therefore, no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

**RESPONSE TO VI. RELIEF REQUESTED**

Defendant a Rajan respectfully objects to the relief requested by Plaintiff Homony, Chapter 11 Trustee of the Debtors, and states as follows:

1. **General Denial:** Defendant Rajan denies that Plaintiff Homony is entitled to any of the relief requested in this adversary proceeding. The claims brought against Defendant Rajan are **frivolous**, **harassing**, and lack any **good faith factual or legal basis**, as further detailed throughout this pleading.

2. **Improper Purpose and Lack of Standing:** Plaintiff Homony, acting under color of qualified immunity as a court-appointed Chapter 11 Trustee, has improperly named Defendant Rajan as a party to this adversary proceeding despite the clear inapplicability of the claims to him. The pleadings fail to allege any specific conduct by Defendant Rajan that would justify inclusion in the claims for avoidance, subordination, or declaratory relief. No valid claim is or can be made against Defendant Rajan individually, as he was neither a transferee of estate property nor a fiduciary of the Debtors during the relevant time period.

3. **Abuse of Trustee Authority:** Plaintiff Homony appears to have filed this action, at least in part, to advance **strategic or retaliatory interests** unrelated to the administration of the bankruptcy estate. This includes targeting Defendant Rajan for his association with his brother, Defendant Mathu Rajan, and to influence other litigation in which Plaintiff Homony is a party. This constitutes an **abuse of process** and an **improper use of Plaintiff Homony's authority**.

4. **No Basis for Monetary or Equitable Relief:** Plaintiff Homony's requests for monetary recovery, avoidance of transfers, subordination, declaratory relief, and attorneys' fees are **unsupported by specific factual allegations** as to Defendant Rajan. These remedies are not applicable to Defendant Rajan under the Bankruptcy Code nor under any relevant state or federal law.

5. **Request for Dismissal:** Accordingly, Defendant Rajan respectfully requests that all claims against Defendant Raja Rajan be **dismissed with prejudice** for failure to state a claim upon which relief can be granted and for lack of any good faith basis to have brought him into this action.

## AFFIRMATIVE DEFENSES

### AFFIRMATIVE DEFENSE 1. FAILURE TO STATE A CLAIM

The Complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6).

### AFFIRMATIVE DEFENSE 2. GOOD FAITH / REASONABLY EQUIVALENT VALUE

Any transfers or obligations were made in good faith and for reasonably equivalent value, defeating actual or constructive fraudulent transfer claims under 11 U.S.C. § 544 and applicable state laws (e.g., Delaware and Pennsylvania UFTA/UVTA statutes).

### AFFIRMATIVE DEFENSE 3. STATUTE OF LIMITATIONS / TIME-BARRED

The claims are barred by applicable statutes of limitations, including 11 U.S.C. § 546 (fraudulent transfer lookback period), state fraudulent transfer statutes and doctrines of laches and equitable estoppel.

### AFFIRMATIVE DEFENSE 4. NO TRANSFER OF ESTATE PROPERTY (FOR § 549 CLAIM)

The alleged post-petition transfer does not involve property of the estate and is therefore not avoidable under § 549.

## AFFIRMATIVE DEFENSE 5. CONSENT AND RATIFICATION

Any agreements or transfers were knowingly approved, consented to, or ratified by the appropriate parties, including the debtor or fiduciaries acting with authority.

## AFFIRMATIVE DEFENSE 6. UNCLEAN HANDS

Plaintiff Homony acted with inequitable conduct, making him ineligible for equitable relief, especially with regard to claims seeking equitable or declaratory remedies.

## AFFIRMATIVE DEFENSE 7. ESTOPPEL AND WAIVER

Plaintiff Homony is estopped or has waived the right to bring these claims by prior conduct, court-approved actions, or settlement approvals.

## AFFIRMATIVE DEFENSE 8. RES JUDICATA / COLLATERAL ESTOPPEL

The claims are barred by prior adjudication—they have already been resolved or should have been raised in earlier proceedings, including the Settlement agreements and prior court orders.

## AFFIRMATIVE DEFENSE 9. LACK OF STANDING

Plaintiff Homony lacks standing to assert some or all claims, particularly if they involve non-estate property, third-party rights, or claims that belong to creditors rather than the estate.

## AFFIRMATIVE DEFENSE 10. BUSINESS JUDGMENT RULE

To the extent fiduciary breach claims are raised (e.g., ultra vires, collusive, fraudulent), the actions were undertaken in good faith and are protected by the business judgment rule.

## AFFIRMATIVE DEFENSE 11. FAILURE OF CONSIDERATION NOT APPLICABLE

The Defendant Rajan and other Defendants may argue that the settlement or agreement in question was supported by adequate consideration, and any claim to the contrary is factually or legally incorrect.

## AFFIRMATIVE DEFENSE 12. IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

Plaintiff Homony has violated the implied covenant of good faith and fair dealing, especially if seeking to unwind settled agreements.

## AFFIRMATIVE DEFENSE 13. ACCORD AND SATISFACTION / RELEASE

The issues raised were the subject of a prior binding settlement agreement that included mutual releases or constituted a final resolution.

## AFFIRMATIVE DEFENSE 14. LACK OF CAUSATION OR DAMAGES

Even assuming any wrongful act occurred, Plaintiff Homony cannot show proximate cause or actual damage resulting from the challenged conduct or transfer.

## AFFIRMATIVE DEFENSE 15. IMPROPER SUBORDINATION

The claims for subordination (mandatory or equitable) fail because Defendant Rajan is not an equity holder or insider under § 510(b) and/or there is no egregious or inequitable conduct to justify equitable subordination under § 510(c).

## AFFIRMATIVE DEFENSE 16. MOOTNESS / NO LIVE CONTROVERSY

Any claim seeking declaratory relief is moot or fails to meet Article III's requirement of a case or controversy.

## AFFIRMATIVE DEFENSE 17. BAD FAITH AND LOSS OF QUALIFIED IMMUNITY

As a separate and affirmative defense, Defendant Rajan alleges that Plaintiff Homony is not entitled to the protection of qualified immunity in this proceeding.

## CONTINGENT COUNTERCLAIMS

**SIMPLE BACKGROUND FACTS**

1.   Plaintiff Raja Rajan incorporates by reference all preceding paragraphs of this pleading as if fully set forth herein.

2.   In 2019, Shadron Stastney ("**Stastney**") was the Vice Chairman of the Board of Directors and Chief Financial Officer of Debtor Stream TV Networks, Inc. ("**Stream**").

3.   At that time, Rembrandt 3D Holdings Ltd. ("**Rembrandt**") had an active lawsuit pending against Stream, alleging unauthorized use of its proprietary technology in Stream's products.

4.   On or about April 9, 2019, during a court-ordered mediation, Stastney—purportedly acting in his official capacity for Stream—executed a settlement term sheet with Rembrandt.

5.   The term sheet was executed not only by Stastney, but also by Rembrandt's representative and U.S. Magistrate Judge Parker, who presided over the mediation.

6.   Raja Rajan was outraged that Stastney entered into the settlement agreement with Rembrandt without full Board discussion, shareholder input, or internal approvals.

7.   In the summer of 2019, Stastney represented to Rembrandt that Stream would begin making payments under the settlement agreement.

8.   In 2020, Stastney orchestrated a hostile takeover of Stream's corporate controls and convinced Stream's board members to transfer all of Stream's technology and assets to a newly formed company under his control—eventually named SeeCubic, Inc. ("**SeeCubic**").

9.   As a result of that asset transfer, which effectively crippled Stream's business, Plaintiff Raja Rajan resigned from the company.

10. Defendant Mathu Rajan, then CEO of Stream and Defendant Rajan's brother, actively opposed the asset transfer and ultimately secured on June 15, 2022 a unanimous ruling from the

Delaware Supreme Court sitting *en banc*, holding that the transfer of Stream's assets to SeeCubic was unlawful and constituted an impermissible self-help foreclosure.

11. The Delaware Supreme Court ruled that Stream's board could not transfer substantially all of the company's assets without complying with the corporate charter and statutory shareholder approval requirements.

12. On remand, despite the Supreme Court's ruling, Stastney and SeeCubic refused to return the assets, leading to a contempt finding against them.

13. In 2021, Defendant Mathu Rajan reengaged with Rembrandt and negotiated and executed a long-form settlement agreement that closely mirrored the 2019 term sheet executed by Stastney.

14. Following Stream's inability to recover its core assets after the Supreme Court decision, the company filed for Chapter 11 bankruptcy protection on or about March 15, 2023.

15. At the time of the bankruptcy filing, Stream was delinquent on payments owed to Rembrandt under the 2021 Settlement Agreement. To resolve this, Stream entered into a Settlement Amendment on August 12, 2023, which restructured the payment schedule in alignment with Stream's plan of reorganization.

16. The Settlement Amendment included a change-of-control provision granting certain rights to a third party, Visual Semiconductor, Inc. ("**VSI**").

17. The Settlement Amendment was executed by: Blumenthal for Rembrandt; Mathu Rajan for Stream; Mathu Rajan in his personal capacity; Raja Rajan in his personal capacity; and Joseph Corso for VSI.

18. Despite these developments and history, Plaintiff Homony, as Stream's Chapter 11 Trustee, sold all of Stream's assets—including those subject to legal disputes—to SeeCubic and

Stastney, the same parties previously found by the Delaware Supreme Court to have unlawfully obtained those assets.

19. Plaintiff Homony completed the sale under Section 363 of the Bankruptcy Code and was subsequently sued by Rembrandt, which alleged that the sale was improper and that the estate did not hold clear title to the transferred technology.

20. In essence, Rembrandt alleges that Plaintiff Homony sold technology assets he did not fully or lawfully possess, thereby participating in an invalid and illegal transaction.

21. As a result, Rembrandt initiated legal action against Plaintiff Homony.

22. There is compelling evidence of impropriety on the part of Plaintiff Homony, including his failure to properly investigate Rembrandt's claims and related legal history before consummating actions purportedly taken in the interest of the estate. Instead, his actions appear to favor certain creditors to the detriment of others.

23. Accordingly, and for the reasons set forth herein and to be further developed through discovery, Defendant Rajan asserts that Plaintiff Homony is not entitled to qualified immunity.

24. Alternatively, he has acted outside the scope of such immunity through willful misconduct, gross incompetence, bad faith, gross negligence, or ultra vires conduct.

25. The core issue in this adversary proceeding—and the legitimacy of Plaintiff Homony's conduct—can be objectively evaluated through an independent forensic examination of the source code used in the Debtors' technology at the time of the Section 363 sale.

26. That analysis would clarify whether the claims against any of the Defendants are grounded in fact or if the entirety of the adversary claims should be dismissed.

27. Since Defendant Rajan was no longer involved with the Debtors after 2020, the claims against him are presumptively lacking in good faith.

28. Defendant Rajan respectfully requests that this Court authorize an independent expert engineer to conduct such a forensic review and issue a report detailing the findings.

29. If the independent examination confirms that Rembrandt's source code is materially integrated with or intermingled in the Debtor Stream's code, it will strongly support the validity of the settlement agreements and amendments with Rembrandt and render them both justified and presumptively enforceable.

## RESERVATION AND CONTINGENT COUNTERCLAIMS

30. Defendant Rajan expressly reserves and asserts the following counterclaims on a contingent basis, to be deemed operative only upon a judicial determination that Plaintiff Hominy is not entitled to qualified immunity in this proceeding.

31. These counterclaims are brought in the alternative under Fed. R. Civ. P. 8(d) and are asserted without waiver of Defendant Rajan's defenses and without conceding the propriety of Plaintiff Homony's actions under color of any protected capacity.

32. One counterclaim against Plaintiff Homony is abuse of process for filing this lawsuit for an improper purpose and causing harm to Defendant Rajan.

33. A second counterclaim against Plaintiff Homony is defamation since the adversary complaint includes knowingly false factual allegations that have been shared publicly or caused reputational harm.

34. A third counterclaim against Plaintiff Homony is intentional infliction of emotional distress since the lawsuit and allegations therein against Defendant Rajan are egregious, outrageous conduct designed to cause emotional harm which occurred; the conduct of Plaintiff Homony was extreme and the impact severe.

35. A fourth counterclaim against Plaintiff Homony is for tortious interference with business relations for filing and prosecuting the adversary complaint without lawful justification, Plaintiff Homony has intentionally interfered with Defendant Rajan's existing and prospective business relationships. This interference has caused significant harm to Defendant Rajan's professional reputation, business opportunities, and economic interests.

36. A fifth counterclaim against Plaintiff Homony is civil conspiracy with Stastney and other creditors who/which colluded in the Section 363 sale and the adversary complaint is only in furtherance of those improper actions.  Those actions resulted in harm to Defendant Rajan.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant **Raja Rajan** respectfully requests that this Honorable Court:

a) **Dismiss with prejudice** all claims asserted against him in this adversary proceeding;

b) **Award Defendant his costs and expenses**, including reasonable attorneys' fees, incurred in defending against these baseless claims;

c) **Grant compensatory damages** for harm suffered as a direct result of Plaintiff's improper and unjustified conduct;

d) **Permit Defendant's counterclaims** to proceed against the Plaintiff Trustee **in his personal capacity**, to the extent the Court finds that he acted outside the scope of his qualified immunity;

e) Grant such **other and further relief** as the Court deems just, equitable, and proper under the circumstances.