## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: ) | Chapter 11 |
| Stream TV Networks, Inc., *et* ) | Bankruptcy No. 23-10763 (DJB) |
| *al.* ) | |
| Debtors. ) | |
| William A. Homony, in his ) | |
| Capacity as Chapter 11 ) | |
| Trustee of the Bankruptcy ) | |
| Estates of Stream TV ) | |
| Networks, Inc. ) | Adv. No. 25-00138- (DJB) |
| and Technovative Media, Inc. ) | |
| Plaintiff ) | |
| v. ) | |
| Rembrandt 3D Holding Ltd., ) | |
| Visual Semiconductor, Inc., ) | |
| Mathu Rajan, ) | |
| **Raja Rajan,** and ) | |
| Brown and Michaels, P.C., ) | |
| Defendants. ) | |

## DEFENDANT'S MOTION TO COMPEL DISCOVERY
## RESPONSES FROM PLAINTIFF
### RELATING TO DEFENDANT'S MOTION FOR SANCTIONS PURSUANT TO BANKRUPTCY RULE 9011, FRCP 11, 28 U.S.C. § 1927, AND THE COURT'S INHERENT AUTHORITY

Raja Rajan respectfully moves this Court for an order compelling Plaintiff William Homony to

respond to discovery requests served on May 2, relating to Defendant's Motion for Sanctions.

Plaintiff has refused to provide any responses, citing "prematurity," despite the fact that the

discovery directly concerns the factual and legal basis (or lack thereof) for the adversary

complaint and is relevant to the resolution of the sanctions motion served on Plaintiff Homony

through his counsel.

## I. BACKGROUND

1. On April 30, 2025, William A. Homony ("**Plaintiff Homony**") filed an adversary complaint against numerous parties including Defendant Raja Rajan ("**Action**").   Plaintiff Homony and his special legal counsel Steven M. Coren allege that Defendant Raja Rajan and his brother Mathu Rajan colluded to resolve lawsuit that is creating legal problems for Plaintiff Hominy.  Mathu Rajan is the former CEO of the Debtor companies and also a Defendant with others in the Action.

2. Defendant Raja Rajan is joined in this lawsuit because he signed a settlement agreement in his personal capacity with Defendant Rembrandt ("**Rembrandt Lawsuit**").  That Rembrandt Lawsuit was a lawsuit by Defendant Rembrandt 3D Holding LTD ("**Rembrandt**") against Stream TV Networks, In. ("**Stream TV**"), Raja's former employer, and against him personally.

3. Plaintiff Homony is the Court-appointed Chapter 11 Trustee for the Bankruptcy Estates of Stream TV *et. al.*  He is being sued personally in other actions.  Plaintiff Hominy wants to receive a recission of the settlement documents with Rembrandt largely because he thinks that will help him defend himself in the pending lawsuits against him and those that may be brought by Rembrandt in the future.  The Court indicated that Rembrandt should sue Homony with a new lawsuit as he clearly promoted bankruptcy actions inconsistent with applicable laws.

4. Defendant Raja Rajan executed the settlement documents with Rembrandt only in his personal capacity; he was not an employee of Stream TV any longer.  He ended his relationship with Stream TV in 2020 which is years before the settlement with Rembrandt.

5.   Basic diligence as required by professional ethics would have uncovered whether Defendant Raja should or should not be part of this new adversary action.  Defendant Raja is incurring cost and damage to his reputation by the unfounded allegations in the Action.  He just spoke to a potential client that has already seen the allegations against Defendant Raja as it comes up in background checks.  Raja contends that Plaintiff joined him largely because he is the brother of Mathu Rajan who is directly and indirectly an adversary to William Homony.

6.   On May 2, 2025, this day, a document entitled "RAJA RAJAN'S MOTION FOR SANCTIONS PURSUANT TO BANKRUPTCY RULE 9011, FED. R. CIV. P. 11, 28 U.S.C. § 1927, AND THE COURT'S INHERENT AUTHORITY" See **attachment A**.

7.   The sanctions motion alleges that the adversary complaint is frivolous, abusive, and was filed without legal or factual basis.

8.   Defendant Raja Rajan served on May 2, 2025, a request for Documents, Interrogatories and a request for Admissions.  See all that written discovery **attached as attachments B, C, and D.**

9.   Defendant Raja Rajan also requested the deposition of Plaintiff.

10. Counsel for Plaintiff Homony by Steven M. Coren, Esquire indicated that discovery was premature.  His response indicated that he is not responding to discovery.

11. Every day that Raja Rajan remains a party this lawsuit he is being harmed by the frivolous allegations against him that go to his alleged dishonesty—Plaintiff alleged he was part of a "sham."  Defendant Rajs Rajan may need to stop the ongoing harm to his reputation by seeking an injunction or other similar primary relief in order the status quo can be maintained relating to him.

12. Upon information and belief, Defendant Raja Rajan alleges that Plaintiff Hominy is using bankruptcy estate monies to pay his special counsel Steven M. Coren, Esquire in an improper manner that does not benefit the estate.

13. **Defendant Raja Rajan is an unsecured creditor** of the Bankruptcy estate and If Plaintiff is using money from the estate to harm creditor or shareholder of the Debtor then a new lawsuit may need to be commended,

14. Defendant Raja Rajan needs these issues decided by the Court immediately so the ongoing harm to his reputation does not continue daily.

## II. ARGUMENT

### A. The Discovery Is Proper and Timely

15. Discovery in adversary proceedings is governed by Federal Rules of Bankruptcy Procedure 7026–7037, which incorporate the Federal Rules of Civil Procedure. There is no automatic stay of discovery pending motions unless ordered by the Court.

16. Once a Rule 9011 motion is filed, the opposing party **must justify the basis for their claims**. Discovery is not premature—it is necessary to resolve the factual issues raised by the sanctions motion.

17. "A party cannot shield itself from sanctions-related discovery simply by refusing to cooperate under the pretext of timing." See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32 (1991); Jones v. Bank of Santa Fe, 40 F. Supp. 2d 1001 (D.N.M. 1999).

### B. The Requested Discovery Is Directly Relevant to the Sanctions Motion

18. The discovery seeks evidence of:

- Whether any investigation occurred before filing the complaint;
- Communications showing intent or motivation for filing;

- The role of third parties in initiating the complaint;
- Whether Plaintiff knowingly filed the suit for improper purposes.

19. This is precisely the kind of factual inquiry courts evaluate when ruling on Rule 9011 or inherent-authority sanctions motions.

## C. Plaintiff's "Prematurity" Objection Is Improper

20. Plaintiff cites no rule or order staying discovery or delaying their obligation to respond. The proper method for avoiding discovery is to seek a protective order under Rule 26(c) which Plaintiff has not done.

## III. RELIEF REQUESTED

21. Defendant respectfully requests that the Court:

A.  Compel Plaintiff to respond fully and without objection to Defendant's:

B.  First Set of Interrogatories

C.  First Set of Requests for Admission

D.  First Set of Requests for Production of Documents

within seven (7) days of the Court's order;

E.  Award Defendant reasonable expenses and attorneys' fees incurred in bringing this motion, pursuant to Bankruptcy Rule 7037 / FRCP 37(a)(5);

F.  Grant any other relief the Court deems just and proper.

---

**Dated:** June 3, 2025
**Respectfully submitted,**

Raja Rajan, Esquire
*Pro Se*

## CERTIFICATE OF SERVICE

I Raja Rajan, certify that the undersigned was sent an email on June 3, 2025 with the

aforementioned service and service will be accomplished by Court's electronic system.

Steven M. Coren, Esquire
COREN & RESS, P.C.
Two Commerce Square, Suite 3900
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 735-8700
scoren@kcr-law.com
Special Counsel to the Trustee


_____/s/_____
Raja Rajan

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: ) | Chapter 11 |
| Stream TV Networks, Inc., *et al*. ) | Bankruptcy No. 23-10763 (DJB) |
| Debtors. ) | |
| William A. Homony, in his ) | |
| Capacity as Chapter 11 ) | |
| Trustee of the Bankruptcy ) | |
| Estates of Stream TV ) | |
| Networks, Inc. ) | Adv. No. 25-00138- (DJB) |
| and Technovative Media, Inc. ) | |
| Plaintiff ) | |
| v. ) | |
| Rembrandt 3D Holding Ltd., ) | |
| Visual Semiconductor, Inc., ) | |
| Mathu Rajan, ) | |
| **Raja Rajan,** and ) | |
| Brown and Michaels, P.C., ) | |
| Defendants. ) | |

**RAJA RAJAN'S MOTION FOR SANCTIONS PURSUANT TO
BANKRUPTCY RULE 9011, FED. R. CIV. P. 11, 28 U.S.C. § 1927, AND
THE COURT'S INHERENT AUTHORITY**

## I. INTRODUCTION

Raja Rajan respectfully moves this Court for an order imposing sanctions against William A. Homony and his special legal counsel Steven M. Coren, Esquire under Bankruptcy Rule 9011, Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the Court's inherent powers on the grounds that the adversary complaint against Raja Rajan was filed without any evidentiary or legal basis, for the improper purpose of harassment and personal retribution.

## II. BACKGROUND

1.    On April 30, 2025, William A. Homony ("**Plaintiff Homony**"), as Chapter 11 Trustee for Stream TV Networks, Inc. ("**Stream TV**"), filed an adversary complaint against

1

multiple parties including Defendant Raja Rajan (the "**Action**"). Stream TV is the primary

Debtor in this bankruptcy proceeding.  Plaintiff Homony and his special legal counsel, Steven M.

Coren ("**Coren**"), allege that Defendant Raja Rajan and his brother Mathu Rajan previously

colluded to resolve a litigation issue with Stream that is now creating legal problems for Plaintiff

Homony in the Stream bankruptcy case.  Mathu Rajan is the former CEO of the Stream TV and

also a Defendant with others in the Action.

2.     Defendant Raja Rajan is a named defendant in the Action merely because he

signed a settlement agreement (the "**Stream TV-Rembrandt Settlement**") with Rembrandt 3D

Holding Ltd. ("**Defendant Rembrandt**") in his personal capacity to resolve litigation dating

back to 2017 (the "**Rembrandt Lawsuit**"). The Rembrandt Lawsuit was filed by Defendant

Rembrandt against Raja Rajan's former employer Stream TV and against Raja Rajan personally.

3.     Although Plaintiff Homony is a Court-appointed Chapter 11 Trustee, he is being

sued personally, and his actions have been challenged by several parties and the Court as to basic

legality.  Plaintiff Homony is seeking recission of the Stream TV-Rembrandt Settlement largely

because he thinks it will help his defense in his current litigation as well as lawsuits that may be

brought against him by others in the future.  This Court indicated that Defendant Rembrandt

should serve Plaintiff Homony with a new lawsuit in this Court as the proper venue, as

Defendant Rembrandt believes he clearly promoted bankruptcy actions inconsistent with

applicable laws.

4.     Defendant Raja Rajan executed the Stream TV-Rembrandt Settlement documents

with Defendant Rembrandt only in his personal capacity because he had been a named defendant

in the Rembrandt Lawsuit; he was no longer an employee of Stream TV.  He ended his

relationship with Stream TV in 2020, a year before the Stream TV-Rembrandt Settlement and

three years before a subsequent amendment (the "**Stream TV-Rembrandt Amendment**") with

Rembrandt was executed in 2023.  Defendant Raja Rajan was not involved with Stream TV or

Mathu Rajan's business dealings and business plans after 2020.

5.      Defendant Raja Rajan has only provided periodic legal assistance to Mathu Rajan

in other courts while Mathu dealt with significant health issues.   Defendant Raja Rajan has no

legal interest in, legal duty to, or responsibility for his brother Mathu Rajan or the Debtors in this

proceeding.

6.      Basic diligence required by professional ethics would have easily revealed that

Defendant Raja Rajan should not be part of the Action.  Defendant Raja Rajan is incurring both

legal costs and reputational damage by the unfounded allegations in the Action.  Defendant Raja

Rajan is being sued largely because he is the brother of Mathu Rajan, who is directly and

indirectly an adversary to Plaintiff Homony.

7.      ABA Model Rule 3.1 – Meritorious Claims and Contentions provides in pertinent

part that

> "A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein,
> unless there is a basis in law and fact for doing so that is not frivolous, which includes a
> good faith argument for an extension, modification or reversal of existing law."

Clearly, that rules was breached as Defendant Raja Rajan executed the Stream TV-Rembrandt

Settlement to obtain a release of claims against him since his former employer would no longer

defray his legal costs.  While Defendant Raja Rajan was employed by Stream TV, that company

paid for the legal defense costs which included Raja personally as an executive employee.

8.      The Action contains allegations about Defendant Raja Rajan that are (i) factually

unsupported, (ii) legally frivolous, and (iii) clearly filed for improper purposes—to pressure,

embarrass, and retaliate against Defendants Raja Rajan and Mathu Rajan and to gain leverage for use in other litigation against Plaintiff Homony.

9.      Plaintiff Homony failed to investigate basic facts that would have shown that Defendant Raja Rajan had no legal duty to, or participation in, the Debtors' affairs and that the allegations against him are without foundation.

### III. LEGAL STANDARDS

**A. Bankruptcy Rule 9011 / FRCP 11**

10.      Bankruptcy Rule 9011 mirrors Rule 11 of the Federal Rules of Civil Procedure. A filing must be (i) well-grounded in fact, (ii) warranted by existing law or a nonfrivolous argument for its extension, and (iii) not filed for any improper purpose (e.g., harassment or delay). Violations allow for monetary sanctions and/or dismissal. See *In re Pennie & Edmonds LLP*, 323 F.3d 86 (2d Cir. 2003).

**B. 28 U.S.C. § 1927**

11.      Attorneys who "multipl[y] the proceedings unreasonably and vexatiously" may be required to pay excess costs, expenses, and attorneys' fees. The standard requires a showing of bad faith or reckless conduct with indifference to the truth.

**C. Inherent Powers of the Court**

12.      Federal courts have inherent authority to sanction a party who has acted in bad faith, vexatiously, See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991).

### IV. ARGUMENT

**A. The Adversary Complaint Is Factually and Legally Baseless**

13.      The Action is flawed because:

    a.  Plaintiff Homony's claims rely on pure speculation, not evidence;

b.      Defendant Raja Rajan, Movant, is not a party to the Debtors' transactions,

nor a transferee, cosigner, or fiduciary;

c.      No adequate diligence was conducted by Plaintiff Homony or Coren

before filing against Defendant Raja Rajan;

d.      If a filing is not well-grounded in fact, it may be subject to sanctions See

*In re Boyd*, 143 B.R. 237 (1992).

e.      An attorney must perform a reasonable preliminary investigation of the

facts before filing a document, See *In re CMGT, Inc.,* 458 B.R. 473 (2011).

## B. The Complaint Was Filed for an Improper Purpose

14.      Defendant Raja Rajan and Defendant Mathu Rajan (former CEO of Debtor

Stream TV) are family members, and the Action is part of a personal vendetta against the family.

It is apparent that Plaintiff Homony has received improper benefits or promises from the primary

creditors of Stream TV, who provided false or outdated information regarding Defendant Raja

Rajan's involvement in the ongoing legal disputes, which appear to range wide and far.  The

collaboration between Plaintiff Homony and third parties working behind the scenes may give

rise to civil conspiracy claims with the abuse of process counterclaims.

15.      Plaintiff Homony and his special legal counsel Coren are using this forum and the

Action to punish Defendant Raja Rajan as a family member of the former Stream CEO rather

than to resolve a legitimate bankruptcy issue.

16.      Many of the co-conspirators with Hominy are Creditors in the Stream TV

bankruptcy and they have a strong financial interest in Plaintiff Homony showing deference for

them over the debtors or any other party in interest.

## C. Sanctions Are Appropriate Under Rule 9011, § 1927, and Inherent Authority

15.      Sanctions are appropriate because (i) Rule 9011 is violated because the Action is frivolous and improperly motivated, (ii) § 1927 was implicated because counsel refused to withdraw the Action after its baselessness became apparent, and (iii) this Court may also rely on its inherent authority to deter such misuse of judicial resources.

16.      Plaintiff Hominy and his counsel were sent this document on May 2, 2025 and had ample opportunity to dismiss Defendant Raja voluntarily.

### V. RELIEF REQUESTED

Defendant Raja Rajan respectfully requests the Court to:

1.   Dismiss the Action with prejudice;

2.   Impose monetary sanctions against Plaintiff William A. Homony and/or his special legal counsel, Steven M. Coren, Esquire, sufficient to deter future misconduct, including (i) reasonable attorneys' fees and costs and (ii) additional relief the Court deems just and proper; and

3.   Order Plaintiff Homony and/or his special legal counsel, Steven M. Coren, Esquire, to show cause why further sanctions should not be imposed.

Defendant Raja Rajan has provided a proposed order for the convenience of the Court.

**Dated:** June 3, 2025                                        Respectfully submitted,
                                                              /s/
                                                              Raja Rajan, Esquire
                                                              *Pro Se*

## CERTIFICATE OF SERVICE

I, Raja Rajan, certify that the undersigned was sent an email on May 2, 2025, with the

aforementioned as service but the aforementioned was not filed pursuant to Rule 9011 of the

Bankruptcy code until expiration of the Safe Harbor in the Rule.  Once the aforementioned is

filed, then service will also be accomplished by Court's electronic system.

Steven M. Coren, Esquire
COREN & RESS, P.C.
Two Commerce Square, Suite 3900
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 735-8700
scoren@kcr-law.com
Special Counsel to the Trustee

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| Stream TV Networks, Inc., *et al*. | ) | Bankruptcy No. 23-10763 (DJB) |
| Debtors. | ) | |
| William A. Homony, in his Capacity as Chapter 11 Trustee of the Bankruptcy Estates of Stream TV Networks, Inc. and Technovative Media, Inc. | ) | Adv. No. 25-00138- (DJB) |
| Plaintiff | ) | |
| v. | ) | |
| Rembrandt 3D Holding Ltd., Visual Semiconductor, Inc., Mathu Rajan, **Raja Rajan,** and Brown and Michaels, P.C., Defendants. | ) | |

**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION FOR SANCTIONS PURSUANT TO BANKRUPTCY RULE 9011, FED. R. CIV. P. 11, 28 U.S.C. § 1927, AND THE COURT'S INHERENT AUTHORITY**

Upon consideration of the Motion for Sanctions filed by Defendant Raja Rajan against Plaintiff

William A. Homony in his capacity as Chapter 11 Trustee and his special counsel Steven M.

Coren, Esquire, pursuant to Bankruptcy Rule 9011, Federal Rule of Civil Procedure 11, 28

U.S.C. § 1927, and the Court's inherent powers, and the Court having found:

- That the adversary complaint filed by Plaintiff was presented for an improper purpose, lacked evidentiary and legal support, and was not grounded in fact;

- That William A. Homony and his special counsel, Steven M. Coren, Esquire, unreasonably and vexatiously multiplied proceedings, thereby increasing the cost and burden on Defendant Raja Rajan and the Court; and

- That the filing and prosecution of the adversary complaint constituted bad faith litigation conduct;

and good cause appearing therefor:

**IT IS HEREBY ORDERED:**

1.  Defendant's Motion for Sanctions is **GRANTED.**

2.  Plaintiff William A. Homony and his special counsel, Steven M. Coren, Esquire, are jointly and severally ordered to pay Defendant Raja Rajan's reasonable attorneys' fees and costs incurred in responding to the adversary complaint and bringing this motion. The amount of the monetary sanction will be determined by the Court upon submission of a filing listing the amount of fees and costs.

3.  Defendant Raja Rajan is hereby DISMISSED WITH PREJUDICE in the adversary complaint.

4.  The Court retains jurisdiction to enforce this Order and to determine the reasonableness of fees and costs of Defendant Raja Rajan.

5.  Plaintiff William A. Homony and his special counsel, Steven M. Coren, Esquire, are admonished that further filings of a similar nature may result in referral for disciplinary action or further sanctions.


**IT IS SO ORDERED.**

Dated: _____, **2025**

_____

**UNITED STATES BANKRUPTCY JUDGE**

## EXHIBIT B

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| Stream TV Networks, Inc., *et al.* | ) | Bankruptcy No. 23-10763 (DJB) |
| Debtors. | ) | |
| William A. Homony, in his | ) | |
| Capacity as Chapter 11 | ) | |
| Trustee of the Bankruptcy | ) | |
| Estates of Stream TV | ) | |
| Networks, Inc. | ) | Adv. No. 25-00138- (DJB) |
| and Technovative Media, Inc. | ) | |
| Plaintiff | ) | |
| v. | ) | |
| Rembrandt 3D Holding Ltd., | ) | |
| Visual Semiconductor, Inc., | ) | |
| Mathu Rajan, | ) | |
| **Raja Rajan,** and | ) | |
| Brown and Michaels, P.C., | ) | |
| Defendants. | ) | |

**DEFENDANT RAJA RAJAN'S FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS TO PLAINTIFF**

Pursuant to **Federal Rule of Bankruptcy Procedure 7034** and **Federal Rule of Civil Procedure 34**, Defendant Raja Rajan hereby requests that Plaintiff William Homony produce the following documents for inspection and copying (or providing them on an FTP or electronic storage site) within **30 days** of service of this request.

These requests are made in connection with Defendant's **Motion for Sanctions pursuant to Bankruptcy Rule 9011, FRCP 11, 28 U.S.C. § 1927, and the Court's inherent authority**, and are intended to evaluate the good faith basis (or lack thereof) for the claims asserted in the adversary complaint.

**DEFINITIONS AND INSTRUCTIONS**

     A.    "Action" shall mean the above-captioned action in relation to the adversary complaint or lawsuit.

     B.    "Concerning" means relating to, referring to, describing, evidencing,

or constituting.

C.     "Complaint" shall mean the Complaint the Complaint filed in above captioned matter Adv. No. 25-00138- (DJB) in the United States Bankruptcy Court for the Eastern District Of Pennsylvania.

D.     "Stream TV" shall mean Stream TV Networks, Inc., and (a) any of its partners, parents, predecessors, divisions, branches, subsidiaries, affiliates, and any of their or Stream TV's past or present directors (including individuals purporting to be directors), committees, officers, agents, employees, former employees, consultants, representatives, associates, or attorneys; and (b) any other individual or entity purporting to act on behalf of and/or for the benefit of any individual "Assets" shall mean all of the rights, properties and assets of Stream TV, defined as "Transferred Assets" in the Omnibus Agreement.

E.     "Communication" shall mean the transmission of information (in the form of facts, ideas, inquiries or otherwise) by any means, including, but not limited to, any meeting, conversation, discussion, conference, correspondence, message, instant message (including Bloomberg, Facebook, Instagram, WhatsApp, Gchat, iMessage), text message or other written or oral transmission, exchange or transfer of information in any form between two or more Persons or with an entity, including in Person or by telephone, facsimile, telegraph, telex, letter, email or other medium. The term also includes courtesy copies and "blind copies" and forwards of any kind.

F.     "Person" shall mean, without limitation, any natural person, firm, sole proprietorship, partnership, corporation, limited liability company, association, trust, governmental body or agency, and all past and present members, managing members, limited partners, officers, directors, employees and agents, along with all others acting or purporting to act on such Person's behalf.

G.     "Plaintiff" includes Plaintiff, Plaintiff's attorneys, agents, and anyone acting on their behalf.

H.     "Document" shall have the broadest meaning permitted by this Court Rules and means and includes every writing or record of every type and description that is or has been in Your possession, custody or control, including, without limitation, all correspondence, drafts, letters, faxes, memoranda, stenographic or

handwritten notes, notebooks, reports, opinions, studies, calendars, agreements, contracts, computer printouts, publications, books, reports, minutes, articles, pamphlets, spreadsheets, summaries, photographs, films, drawings, sound or video recordings, computer files, electronic mail, text messages, voicemail messages, electronic media, and any electronic data or electronically stored information. "Document" shall also include the file folders in which said Documents are maintained and any table of contents or index thereto; and copies of Documents of which the originals have been destroyed pursuant to a document destruction policy or otherwise. "Document" shall further include any copy containing or having attached thereto any alterations, notes, comments or other material not appearing on the original, and shall also include drafts, revisions of drafts and other preliminary or preparatory material, from whatever source, underlying, supporting or used in the preparation of any Document. "Document" shall also include any removable "post-it" notes or other attachments or exhibits affixed to any of the foregoing.

I.      "Refer," "relate" or "regard" shall mean analyze, comprise, concern, consider, contain, constitute, define, describe, discuss, embody, evaluate, evidence, explain, memorialize, mention, record, reflect, refute, report, review, show, state, summarize, support or in any way pertain to the subject matter of any Request.

J.      "You" and "Your" shall mean you individually or any company that you also use or control.

K.      The words in each Request shall be construed so that each Request shall be construed broadly rather than narrowly and, therefore, the singular includes the plural and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" means "any and all"; the word "any" means "any and all" or "each and every"; and the term "including" shall be construed to mean "without limitation."

L.      Each Request seeks production of each Document in its entirety, without abbreviation or redaction, and all drafts and non-identical copies of each Document, including all attachments, appendices, exhibits, lists, schedules or other matters at any time affixed thereto. If a Document responsive to the Requests cannot be produced in full, it shall be produced to the fullest extent possible with an

explanation stating why production of the remainder is not possible.

M.     If any Document requested herein was formerly in Your possession, custody or control and has been lost, destroyed or otherwise disposed of, You are requested to submit, in lieu of any such Document, a written statement describing in detail the nature of the Document and its contents, (b) identifying the Person(s) who prepared or authored the Document, and, if applicable, the Person(s) to whom the Document was sent, (c) specifying the date on which the Document was prepared or transmitted and (d) specifying the date on which the Document was lost, destroyed or otherwise disposed of and, if destroyed, the conditions of, and reasons for, such destruction and the Person(s) performing the destruction.

N.      If any Document requested herein is withheld on the basis of any claim of privilege, You are requested to submit, in lieu of any such Document, a written statement (a) identifying the Person(s) who prepared or authored the Document and, if applicable, the Person(s) to whom the Document was sent or shown, (b) identifying the custodian in whose possession, custody or control the Document lies, (c) specifying the date on which the Document was prepared or transmitted, (d) describing the nature of the Document (e.g., letter, telegram, etc.), stating briefly why the Document is claimed to be privileged or to constitute work product and (f) identifying the paragraph of the Request to which the Document relates.

O.     If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions in the preceding paragraph, and the rest shall be produced.

P.     All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with each Request.

Q.     The original or an exact copy of each document should be produced. Any copy of a document that varies in any way from the original or from any other copy of the document, whether by reason of any handwritten (or other) notation or any omission, shall constitute a separate document that must be produced (regardless of whether the original of such document is within Your possession, custody or control).

R.      Whenever necessary to bring within the scope of the Requests that which might otherwise be construed to be outside the scope: (a) the use of any verb in any tense shall be construed as the use of that verb in all other tenses; and (b) the use of a word in its singular form shall be deemed to include within its use the plural form and vice versa.

S.      Unless otherwise indicated, the Documents to be produced pursuant to the Requests include all Documents prepared, sent, dated, received, drafted, edited or used at any time from the fling of the Bankruptcy until the adversary Complaint was filed (the "Specified Period").

T.      Each Request shall be deemed continuing so as to require prompt supplemental responses, in accordance with the Court Rules. if You obtain or discover additional Documents between the time of initial production and the time of deposition, settlement or trial.

U.      Each Request shall be construed independently and not with reference to any other Request for the purpose of limitation or exclusion.

V.      The Requests call for the production of responsive Documents in Your possession, custody or control, including, but not limited to, any of Your respective employees, agents, attorneys, trustees or other Persons acting or purporting to act on Your behalf.

W.      If You believe that any Request, or any Definition or Instruction, is ambiguous, in whole or in part, You must nonetheless respond and (i) set forth the matter deemed ambiguous and (ii) describe the manner in which You construed the Request in order to frame Your response.

X.      These requests are continuing in nature. If, after responding, you obtain additional responsive documents, you must supplement your response.

Y.      If you withhold any document based on privilege, you must provide a privilege log identifying the document, its date, author, recipient(s), and the specific privilege claimed.

The applicable definitions and rules of construction set forth in the Rules of the Court are incorporated by reference.

## REQUESTS FOR PRODUCTION

1. All documents reviewed, relied upon, or referenced by Plaintiff or Plaintiff's counsel prior to filing the adversary complaint in this action.

2. All communications between Plaintiff and the Debtor concerning the Defendant Raja Rajan relating in any way to the subject matter of the adversary complaint.

3. All communications between Plaintiff and any Defendant in the adversary complaint concerning the Defendant Raja Rajan relating in any way to the subject matter of the adversary complaint.

4. All documents and communications between Plaintiff and any third parties (including creditors in this bankruptcy) concerning the Defendant Raja Rajan or the decision to file the adversary complaint against him.  Communications with legal counsel for those third parties is also applicable to this request.  Calendar appointments or references are also part of this request if at that appointment Raja Rajan was discussed orally.

5. All documents reflecting any investigation or factual inquiry conducted by Plaintiff or Plaintiff's counsel prior to filing the adversary complaint against Raja Rajan.

6. All drafts of the adversary complaint, including any versions that were edited or revised prior to filing.

7. All retainer agreements or engagement letters between Plaintiff and counsel in this adversary proceeding.

8. All communications between Plaintiff and Plaintiff's counsel concerning the legal or factual basis for suing the Defendant Raja Rajan.  *Please note that there is an exception to the attorney client privilege under the under the well-known, crime-fraud exception.  If this or similar privilege is asserted for this request, then give details of the document as to dates and all parties to the communication so that a Motion to Compel may properly be asserted the Court.  Details of the information needed is above in the instructions.  We ask that the responsive documents be provided immediately to the Court for an in camera inspection if not provided to Defendant Raja Rajan.*

9. All documents or communications supporting Plaintiff's allegations that the Defendant Raja Rajan has any liability or connection to the Debtor's financial affairs.

10. All documents concerning the purpose or intent behind the filing of the adversary complaint against the Defendant Raja Rajan.

11. Any and all documents identifying persons or entities who assisted in drafting, reviewing, or advising on the filing of the adversary complaint (including specifically ¶¶ 13, 20, 24, 69, and all the averments under each claim that is asserted against Raja Rajan).

## CERTIFICATE OF SERVICE

I, Raja Rajan, certify that the undersigned was sent the aforementioned document on May 2, 2025, at address as mentioned below.

Steven M. Coren, Esquire

COREN & RESS, P.C.
Two Commerce Square, Suite 3900
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 735-8700
scoren@kcr-law.com
Special Counsel to the Trustee


_____ /s/ _____

**Raja Rajan**

# EXHIBIT C

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: ) | Chapter 11 |
| Stream TV Networks, Inc., *et* ) | Bankruptcy No. 23-10763 (DJB) |
| *al.* ) | |
| Debtors. ) | |
| William A. Homony, in his ) | |
| Capacity as Chapter 11 ) | |
| Trustee of the Bankruptcy ) | |
| Estates of Stream TV ) | |
| Networks, Inc. ) | Adv. No. 25-00138- (DJB) |
| and Technovative Media, Inc. ) | |
| Plaintiff ) | |
| v. ) | |
| Rembrandt 3D Holding Ltd., ) | |
| Visual Semiconductor, Inc., ) | |
| Mathu Rajan, ) | |
| **Raja Rajan,** and ) | |
| Brown and Michaels, P.C., ) | |
| Defendants. ) | |

## DEFENDANT RAJA RAJAN'S FIRST SET OF INTERROGATORIES

## TO PLAINTIFF

Pursuant to Federal Rule of Bankruptcy Procedure 7033 (incorporating Federal Rule of Civil Procedure 33), Defendant Raja Rajan hereby serves the following interrogatories upon Plaintiff William Homony, to be answered in writing and under oath within thirty (30) days of service.

## DEFINITIONS AND INSTRUCTIONS

A.    "Action" shall mean the above-captioned action in relation to the adversary complaint or lawsuit.

B.    "Concerning" means relating to, referring to, describing, evidencing, or constituting.

C.    "Complaint" shall mean the Complaint the Complaint filed in above captioned matter Adv. No. 25-00138- (DJB) in the United States Bankruptcy Court for the Eastern District Of Pennsylvania.

D.    "Stream TV" shall mean Stream TV Networks, Inc., and (a) any of its partners, parents, predecessors, divisions, branches, subsidiaries, affiliates, and any of their or Stream TV's past or present directors (including individuals purporting to be directors), committees, officers, agents, employees, former employees, consultants, representatives, associates, or attorneys; and (b) any other individual or entity purporting to act on behalf of and/or for the benefit of any individual "Assets" shall mean all of the rights, properties and assets of Stream TV, defined as "Transferred Assets" in the Omnibus Agreement.

E.    "Communication" shall mean the transmission of information (in the form of facts, ideas, inquiries or otherwise) by any means, including, but not limited to, any meeting, conversation, discussion, conference, correspondence, message, instant message (including Bloomberg, Facebook, Instagram, WhatsApp, Gchat, iMessage), text message or other written or oral transmission, exchange or transfer of information in any form between two or more Persons or with an entity, including in Person or by telephone, facsimile, telegraph, telex, letter, email or other medium. The term also includes courtesy copies and "blind copies" and forwards of any kind.

F.    "Person" shall mean, without limitation, any natural person, firm, sole proprietorship, partnership, corporation, limited liability company, association, trust, governmental body or agency, and all past and present members, managing members, limited partners, officers, directors, employees and agents, along with all others acting or purporting to act on such Person's behalf.

G.    "Plaintiff" includes Plaintiff, Plaintiff's attorneys, agents, and anyone acting on their behalf.

H.    "Document" shall have the broadest meaning permitted by this Court Rules and means and includes every writing or record of every type and description that is or has been in Your possession, custody or control, including, without limitation, all correspondence, drafts, letters, faxes, memoranda, stenographic or handwritten notes, notebooks, reports, opinions, studies, calendars, agreements, contracts, computer printouts, publications, books, reports, minutes, articles, pamphlets, spreadsheets, summaries, photographs, films, drawings, sound or video recordings, computer files, electronic mail, text messages, voicemail messages,

electronic media, and any electronic data or electronically stored information. "Document" shall also include the file folders in which said Documents are maintained and any table of contents or index thereto; and copies of Documents of which the originals have been destroyed pursuant to a document destruction policy or otherwise. "Document" shall further include any copy containing or having attached thereto any alterations, notes, comments or other material not appearing on the original, and shall also include drafts, revisions of drafts and other preliminary or preparatory material, from whatever source, underlying, supporting or used in the preparation of any Document. "Document" shall also include any removable "post-it" notes or other attachments or exhibits affixed to any of the foregoing.

I.        "Refer," "relate" or "regard" shall mean analyze, comprise, concern, consider, contain, constitute, define, describe, discuss, embody, evaluate, evidence, explain, memorialize, mention, record, reflect, refute, report, review, show, state, summarize, support or in any way pertain to the subject matter of any Request.

J.        "You" and "Your" shall mean you individually or any company that you also use or control.

K.        The words in each Request shall be construed so that each Request shall be construed broadly rather than narrowly and, therefore, the singular includes the plural and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" means "any and all"; the word "any" means "any and all" or "each and every"; and the term "including" shall be construed to mean "without limitation."

L.        Each Request seeks production of each Document in its entirety, without abbreviation or redaction, and all drafts and non-identical copies of each Document, including all attachments, appendices, exhibits, lists, schedules or other matters at any time affixed thereto. If a Document responsive to the Requests cannot be produced in full, it shall be produced to the fullest extent possible with an explanation stating why production of the remainder is not possible.

M.        If any Document for the question or response was formerly in Your possession, custody or control and has been lost, destroyed or otherwise disposed of, You are requested to submit, in lieu of any such Document, a written statement

describing in detail the nature of the Document and its contents, (b) identifying the Person(s) who prepared or authored the Document, and, if applicable, the Person(s) to whom the Document was sent, (c) specifying the date on which the Document was prepared or transmitted and (d) specifying the date on which the Document was lost, destroyed or otherwise disposed of and, if destroyed, the conditions of, and reasons for, such destruction and the Person(s) performing the destruction.

N.      If any document or requested information is withheld on the basis of any claim of privilege, You are requested to submit, in lieu of any such complete response, a written statement (a) identifying the Person(s) who prepared or authored the Document and, if applicable, the Person(s) to whom the Document was sent or shown, (b) identifying the custodian in whose possession, custody or control the Document lies, (c) specifying the date on which the Document was prepared or transmitted, (d) describing the nature of the Document (e.g., letter, telegram, etc.), stating briefly why the Document is claimed to be privileged or to constitute work product and (f) identifying the paragraph of the Request to which the Document relates.

O.      If a portion of an otherwise responsive Document or information contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions in the preceding paragraph, and the rest shall be produced.

P.      All Documents identified by the responses are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with each Request.

Q.      The original or an exact copy of each document should be produced if responsive to any question.  Any copy of a document that varies in any way from the original or from any other copy of the document, whether by reason of any handwritten (or other) notation or any omission, shall constitute a separate document that must be produced (regardless of whether the original of such document is within Your possession, custody or control).

R.      Whenever necessary to bring within the scope of interrogatories that

might otherwise be construed to be outside the scope: (a) the use of any verb in any tense shall be construed as the use of that verb in all other tenses; and (b) the use of a word in its singular form shall be deemed to include within its use the plural form and vice versa.

S.      Unless otherwise indicated, the Documents to be produced pursuant to responses include all Documents prepared, sent, dated, received, drafted, edited or used at any time from the fling of the Bankruptcy until the adversary Complaint was filed (the "Specified Period").

T.      Each Interrogatory shall be deemed continuing so as to require prompt supplemental responses, in accordance with the Court Rules. If You obtain or discover additional information responsive to the questions between the time of initial responses and the time of deposition, settlement or trial.

U.      Each question shall be construed independently and not with reference to any other question for the purpose of limitation or exclusion.

V.      The Interrogatories call for the production of responsive Documents in Your possession, custody or control, including, but not limited to, any of Your respective employees, agents, attorneys, trustees or other Persons acting or purporting to act on Your behalf.

W.      If You believe that any Interrogatory, or any Definition or Instruction, is ambiguous, in whole or in part, You must nonetheless respond and (i) set forth the matter deemed ambiguous and (ii) describe the manner in which You construed the Interrogatory in order to frame Your response.

X.      The Interrogatories are continuing in nature. If, after responding, you obtain additional responsive documents or information, you must supplement your response.

Y.      If you withhold any document or information based on privilege, you must provide a privilege log identifying the document, its date, author, recipient(s), and the specific privilege claimed.

The applicable definitions and rules of construction set forth in the Rules of the Court are incorporated by reference.

**INTERROGATORIES**

1.  Identify all facts and evidence that support each allegation made in the adversary complaint filed against Defendant.  *Defendant Raja Rajan is not seeking information related the attorney work product by asking for a determination of "support" for each allegation against him; If respondent prefers the word "support" can be substituted with "relate" instead.*

    **ANSWER:**

2.  Describe in detail any investigation or inquiry conducted before filing the adversary complaint, including the identity of all Persons involved and documents reviewed.

    **ANSWER:**

3.  Identify all Persons with knowledge of the facts alleged in the adversary complaint relating to Raja Rajan and state the subject matter of their knowledge.

    **ANSWER:**

4.  Identify all communications between you and the Debtor concerning the Defendant prior to the filing of the adversary complaint.

    **ANSWER:**

5.  State whether any third party, including any creditor or the Debtor, encouraged, requested, or assisted you in filing the adversary complaint, and if so, identify them and describe their role.

    **ANSWER:**

6.  State whether you were aware, at the time of filing the adversary complaint, that Defendant is Mathu Rajan's sibling, and whether that relationship influenced the decision to name Defendant Raja Rajan as a party in the Action.

    **ANSWER:**

7. Identify all communications between you and your legal counsel regarding the factual basis for naming Defendant Raja Rajan in the adversary complaint. *Please note that there is an exception to the attorney client privilege under the under the well-known, crime-fraud exception.  If this or similar privilege is asserted for this question, then give details of the information as to dates and all parties to the communication so that a Motion to Compel may properly be asserted with the Court.  Details of the information needed is provided above in the instructions.  We ask that the detailed privilege log be provided.*

**ANSWER:**

8. Describe any discussions you or your counsel had regarding the potential legal risks or sanctions associated with filing the adversary complaint against Defendant.  *Please note that there is an exception to the attorney client privilege under the under the well-known, crime-fraud exception.  If this or similar privilege is asserted for this question, then give details of the information as to dates and all parties to the communication so that a Motion to Compel may properly be asserted with the Court.  Details of the information needed is provided above in the instructions.  We ask that the detailed privilege log be provided.*

**ANSWER:**

9.   State the intended purpose or outcome you hoped to achieve by naming Defendant Raja
     Rajan in the adversary complaint.

        **ANSWER:**

10.  State whether you are aware of any facts suggesting that Defendant Raja Rajan had any
     involvement in the financial affairs or conduct of the Debtor giving rise to the bankruptcy
     case.  Simply being a signatory in the contracts with Rembrandt 3D Holding Ltd. is
     excluded from this question.

        **ANSWER:**

## CERTIFICATE OF SERVICE

I, Raja Rajan, certify that the undersigned was sent the aforementioned document on May 2, 2025, at address as mentioned below.

Steven M. Coren, Esquire

COREN & RESS, P.C.
Two Commerce Square, Suite 3900
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 735-8700
scoren@kcr-law.com
Special Counsel to the Trustee

_____/s/_____

**Raja Rajan**

## EXHIBIT D

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| Stream TV Networks, Inc., *et al.* | ) | Bankruptcy No. 23-10763 (DJB) |
| Debtors. | ) | |
| William A. Homony, in his | ) | |
| Capacity as Chapter 11 | ) | |
| Trustee of the Bankruptcy | ) | |
| Estates of Stream TV | ) | |
| Networks, Inc. | ) | Adv. No. 25-00138- (DJB) |
| and Technovative Media, Inc. | ) | |
| Plaintiff | ) | |
| v. | ) | |
| Rembrandt 3D Holding Ltd., | ) | |
| Visual Semiconductor, Inc., | ) | |
| Mathu Rajan, | ) | |
| **Raja Rajan,** and | ) | |
| Brown and Michaels, P.C., | ) | |
| Defendants. | ) | |

**DEFENDANT RAJA RAJAN'S FIRST SET OF FIRST REQUEST FOR ADMISSIONS
TO PLAINTIFF**

Pursuant to Federal Rule of Bankruptcy Procedure 7036 (incorporating Federal Rule of Civil Procedure 36), Defendant Raja Rajan hereby requests that Plaintiff William Homony admit the truth of the following matters within thirty (30) days after service.

## DEFINITIONS AND INSTRUCTIONS

A.    "Action" shall mean the above-captioned action in relation to the adversary complaint or lawsuit.

B.    "Concerning" means relating to, referring to, describing, evidencing, or constituting.

C.    "Complaint" shall mean the Complaint the Complaint filed in above captioned matter Adv. No. 25-00138- (DJB) in the United States Bankruptcy Court for the Eastern District Of Pennsylvania.

D.    "Stream TV" shall mean Stream TV Networks, Inc., and (a) any of its

partners, parents, predecessors, divisions, branches, subsidiaries, affiliates, and any of their or Stream TV's past or present directors (including individuals purporting to be directors), committees, officers, agents, employees, former employees, consultants, representatives, associates, or attorneys; and (b) any other individual or entity purporting to act on behalf of and/or for the benefit of any individual "Assets" shall mean all of the rights, properties and assets of Stream TV, defined as "Transferred Assets" in the Omnibus Agreement.

E.    "Communication" shall mean the transmission of information (in the form of facts, ideas, inquiries or otherwise) by any means, including, but not limited to, any meeting, conversation, discussion, conference, correspondence, message, instant message (including Bloomberg, Facebook, Instagram, WhatsApp, Gchat, iMessage), text message or other written or oral transmission, exchange or transfer of information in any form between two or more Persons or with an entity, including in Person or by telephone, facsimile, telegraph, telex, letter, email or other medium. The term also includes courtesy copies and "blind copies" and forwards of any kind.

F.    "Person" shall mean, without limitation, any natural person, firm, sole proprietorship, partnership, corporation, limited liability company, association, trust, governmental body or agency, and all past and present members, managing members, limited partners, officers, directors, employees and agents, along with all others acting or purporting to act on such Person's behalf.

G.    "Plaintiff" includes Plaintiff, Plaintiff's attorneys, agents, and anyone acting on their behalf.

H.    "Document" shall have the broadest meaning permitted by this Court Rules and means and includes every writing or record of every type and description that is or has been in Your possession, custody or control, including, without limitation, all correspondence, drafts, letters, faxes, memoranda, stenographic or handwritten notes, notebooks, reports, opinions, studies, calendars, agreements, contracts, computer printouts, publications, books, reports, minutes, articles, pamphlets, spreadsheets, summaries, photographs, films, drawings, sound or video recordings, computer files, electronic mail, text messages, voicemail messages, electronic media, and any electronic data or electronically stored information.

"Document" shall also include the file folders in which said Documents are maintained and any table of contents or index thereto; and copies of Documents of which the originals have been destroyed pursuant to a document destruction policy or otherwise. "Document" shall further include any copy containing or having attached thereto any alterations, notes, comments or other material not appearing on the original, and shall also include drafts, revisions of drafts and other preliminary or preparatory material, from whatever source, underlying, supporting or used in the preparation of any Document. "Document" shall also include any removable "post-it" notes or other attachments or exhibits affixed to any of the foregoing.

I.      "Refer," "relate" or "regard" shall mean analyze, comprise, concern, consider, contain, constitute, define, describe, discuss, embody, evaluate, evidence, explain, memorialize, mention, record, reflect, refute, report, review, show, state, summarize, support or in any way pertain to the subject matter of any Request.

J.      "You" and "Your" shall mean you individually or any company that you also use or control.

K.      The words in each admission shall be construed so that each admission shall be construed broadly rather than narrowly and, therefore, the singular includes the plural and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" means "any and all"; the word "any" means "any and all" or "each and every"; and the term "including" shall be construed to mean "without limitation."

L.      Each admission if denied seek production of each Document in its entirety, without abbreviation or redaction, and all drafts and non-identical copies of each Document, including all attachments, appendices, exhibits, lists, schedules or other matters at any time affixed thereto. If a Document cannot be produced in full, it shall be produced to the fullest extent possible with an explanation stating why production of the remainder is not possible.

M.      If any Document provided as the basis for any denial was formerly in Your possession, custody or control and has been lost, destroyed or otherwise disposed of, You are requested to submit, in lieu of any such Document, a written statement describing in detail the nature of the Document and its contents, (b)

identifying the Person(s) who prepared or authored the Document, and, if applicable, the Person(s) to whom the Document was sent, (c) specifying the date on which the Document was prepared or transmitted and (d) specifying the date on which the Document was lost, destroyed or otherwise disposed of and, if destroyed, the conditions of, and reasons for, such destruction and the Person(s) performing the destruction.

N.    If any response is withheld on the basis of any claim of privilege, You are requested to submit, in lieu of any such complete response, a written statement (a) identifying the Person(s) who prepared or authored the Document and, if applicable, the Person(s) to whom the Document was sent or shown, (b) identifying the custodian in whose possession, custody or control the Document lies, (c) specifying the date on which the Document was prepared or transmitted, (d) describing the nature of the Document or information (e.g., letter, telegram, etc.), stating briefly why the Document is claimed to be privileged or to constitute work product and (f) identifying the paragraph of the information or Document relates.

O.    If a portion of an otherwise responsive Document provided for a denial or information contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions in the preceding paragraph, and the rest shall be produced.

P.    All Documents identified by the admissions are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with each Request.

Q.    The original or an exact copy of each document should be produced if responsive to any denial.  Any copy of a document that varies in any way from the original or from any other copy of the document, whether by reason of any handwritten (or other) notation or any omission, shall constitute a separate document that must be produced (regardless of whether the original of such document is within Your possession, custody or control).

R.    Whenever necessary to bring within the admission that might otherwise be construed to be outside the scope: (a) the use of any verb in any tense

shall be construed as the use of that verb in all other tenses; and (b) the use of a word
in its singular form shall be deemed to include within its use the plural form and vice
versa.

S.    Unless otherwise indicated, the Documents produced for a denial
include all Documents prepared, sent, dated, received, drafted, edited or used at any
time from the fling of the Bankruptcy until the adversary Complaint was filed (the
"Specified Period").

T.    Each admission shall be deemed continuing so as to require prompt
supplemental responses, in accordance with the Court Rules. If You obtain or
discover additional information responsive to the admission between the time of
initial responses and the time of deposition, settlement or trial.

U.    Each admission shall be construed independently and not with
reference to any other question for the purpose of limitation or exclusion.

V.    If any admission call for the production of responsive Documents in
Your possession, custody or control, including, but not limited to, any of Your
respective employees, agents, attorneys, trustees or other Persons acting or
purporting to act on Your behalf.

W.    If You believe that any admission, or any Definition or Instruction, is
ambiguous, in whole or in part, You must nonetheless respond and (i) set forth the
matter deemed ambiguous and (ii) describe the manner in which You construed the
Interrogatory in order to frame Your response.

X.    The admissions are continuing in nature. If, after responding, you
obtain additional responsive documents or information, you must supplement your
response.

Y.    If you withhold any document or information based on privilege, you
must provide a privilege log identifying the document, its date, author, recipient(s),
and the specific privilege claimed.


The applicable definitions and rules of construction set forth in the Rules of the Court
are incorporated by reference.

## REQUESTS FOR ADMISSION

1.      Admit that the adversary complaint was filed without first conducting a factual investigation concerning Defendant Raja Rajans involvement with the Debtor's financial affairs.

2.      Admit that, at the time of filing the adversary complaint, Plaintiff possessed no evidence, other than Raja Rajan was a signatory to the documents with Rembrandt 3D Holding Ltd., that Defendant Raja Rajan committed any misconduct in connection with the Debtor's bankruptcy.

3.      Admit that the adversary complaint does not allege any specific acts or omissions by Defendant Raja Rajan constituting a cause of action under federal or state law.

4.      Admit that Plaintiff filed the adversary complaint against Defendant Rajan, in part, because Defendant is related to Mathu Rajan.

5.      Admit that Plaintiff filed the adversary complaint against Defendant Raja Rajan for the purpose of coercing or pressuring the Debtor or Mathu Rajant.

6.      Admit that Plaintiff was advised by counsel of the potential for sanctions under Rule 9011 or FRCP 11 before filing the adversary complaint against Raja Rajan.

7.      Admit that no creditor of the Debtor has ever alleged that Defendant Raja Rajan is responsible for or involved in the Debtor's financial obligations.

8.      Admit that Plaintiff has not amended the adversary complaint to include any newly discovered facts about Defendant since the original filing.

9.      Admit that Plaintiff has no direct evidence linking Defendant to any fraudulent transfers, concealment of assets, or other bankruptcy-related misconduct.

10.     Admit that Plaintiff did not serve Defendant Raja Rajan with any pre-suit demand, notice, or communication before filing the adversary complaint against him.

11.     Admit that Plaintiff did not attempt to contact Defendant Raja Rajan to discuss the allegations before filing suit.

12.     Admit that Defendant Raja Rajn has no control over any of the Debtor's business or financial accounts.

13.     Admit that Plaintiff's lawsuit against Defendant has caused Defendant Raja Rajan to incur legal fees and litigation expenses.

## CERTIFICATE OF SERVICE

I, Raja Rajan, certify that the undersigned was sent the aforementioned document on May 2,

2025, at address as mentioned below.

Steven M. Coren, Esquire

COREN & RESS, P.C.
Two Commerce Square, Suite 3900
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 735-8700
scoren@kcr-law.com
Special Counsel to the Trustee

_____**/s/**_____

**Raja Rajan**