IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| Stream TV Networks, Inc., *et al*. | ) ) | Bankruptcy No. 23-10763 (DJB) |
| Debtors. | ) | |
| William A. Homony, in his Capacity as Chapter 11 Trustee of the Bankruptcy Estates of Stream TV Networks, Inc. and Technovative Media, Inc. | ) ) ) ) ) ) ) | Adv. No. 25-00138- (DJB) |
| Plaintiff | ) | |
| v. | ) | |
| Rembrandt 3D Holding Ltd., Visual Semiconductor, Inc., Mathu Rajan, **Raja Rajan,** and Brown and Michaels, P.C., Defendants. | ) ) ) ) ) ) | |

### RAJA RAJAN'S MOTION FOR SANCTIONS PURSUANT TO BANKRUPTCY RULE 9011, FED. R. CIV. P. 11, 28 U.S.C. § 1927, AND <u>THE COURT'S INHERENT AUTHORITY</u>

### I. INTRODUCTION

Raja Rajan respectfully moves this Court for an order imposing sanctions against William A. Homony and his special legal counsel Steven M. Coren, Esquire under Bankruptcy Rule 9011, Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the Court's inherent powers on the grounds that the adversary complaint against Raja Rajan was filed without any evidentiary or legal basis, for the improper purpose of harassment and personal retribution.

### II. BACKGROUND

1. On April 30, 2025, William A. Homony ("**Plaintiff Homony**"), as Chapter 11 Trustee for Stream TV Networks, Inc. ("**Stream TV**"), filed an adversary complaint against

1

multiple parties including Defendant Raja Rajan (the "**Action**"). Stream TV is the primary Debtor in this bankruptcy proceeding. Plaintiff Homony and his special legal counsel, Steven M. Coren ("**Coren**"), allege that Defendant Raja Rajan and his brother Mathu Rajan previously colluded to resolve a litigation issue with Stream that is now creating legal problems for Plaintiff Homony in the Stream bankruptcy case. Mathu Rajan is the former CEO of the Stream TV and also a Defendant with others in the Action.

2.      Defendant Raja Rajan is a named defendant in the Action merely because he signed a settlement agreement (the "**Stream TV-Rembrandt Settlement**") with Rembrandt 3D Holding Ltd. ("**Defendant Rembrandt**") in his personal capacity to resolve litigation dating back to 2017 (the "**Rembrandt Lawsuit**"). The Rembrandt Lawsuit was filed by Defendant Rembrandt against Raja Rajan's former employer Stream TV and against Raja Rajan personally.

3.      Although Plaintiff Homony is a Court-appointed Chapter 11 Trustee, he is being sued personally, and his actions have been challenged by several parties and the Court as to basic legality. Plaintiff Homony is seeking recission of the Stream TV-Rembrandt Settlement largely because he thinks it will help his defense in his current litigation as well as lawsuits that may be brought against him by others in the future. This Court indicated that Defendant Rembrandt should serve Plaintiff Homony with a new lawsuit in this Court as the proper venue, as Defendant Rembrandt believes he clearly promoted bankruptcy actions inconsistent with applicable laws.

4.      Defendant Raja Rajan executed the Stream TV-Rembrandt Settlement documents with Defendant Rembrandt only in his personal capacity because he had been a named defendant in the Rembrandt Lawsuit; he was no longer an employee of Stream TV. He ended his relationship with Stream TV in 2020, a year before the Stream TV-Rembrandt Settlement and

three years before a subsequent amendment (the "**Stream TV-Rembrandt Amendment**") with Rembrandt was executed in 2023. Defendant Raja Rajan was not involved with Stream TV or Mathu Rajan's business dealings and business plans after 2020.

5. Defendant Raja Rajan has only provided periodic legal assistance to Mathu Rajan in other courts while Mathu dealt with significant health issues. Defendant Raja Rajan has no legal interest in, legal duty to, or responsibility for his brother Mathu Rajan or the Debtors in this proceeding.

6. Basic diligence required by professional ethics would have easily revealed that Defendant Raja Rajan should not be part of the Action. Defendant Raja Rajan is incurring both legal costs and reputational damage by the unfounded allegations in the Action. Defendant Raja Rajan is being sued largely because he is the brother of Mathu Rajan, who is directly and indirectly an adversary to Plaintiff Homony.

7. ABA Model Rule 3.1 – Meritorious Claims and Contentions provides in pertinent part that

> "A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law."

Clearly, that rules was breached as Defendant Raja Rajan executed the Stream TV-Rembrandt Settlement to obtain a release of claims against him since his former employer would no longer defray his legal costs. While Defendant Raja Rajan was employed by Stream TV, that company paid for the legal defense costs which included Raja personally as an executive employee.

8. The Action contains allegations about Defendant Raja Rajan that are (i) factually unsupported, (ii) legally frivolous, and (iii) clearly filed for improper purposes—to pressure,

3

embarrass, and retaliate against Defendants Raja Rajan and Mathu Rajan and to gain leverage for use in other litigation against Plaintiff Homony.

9. Plaintiff Homony failed to investigate basic facts that would have shown that Defendant Raja Rajan had no legal duty to, or participation in, the Debtors' affairs and that the allegations against him are without foundation.

### III. LEGAL STANDARDS

**A. Bankruptcy Rule 9011 / FRCP 11**

10. Bankruptcy Rule 9011 mirrors Rule 11 of the Federal Rules of Civil Procedure. A filing must be (i) well-grounded in fact, (ii) warranted by existing law or a nonfrivolous argument for its extension, and (iii) not filed for any improper purpose (e.g., harassment or delay). Violations allow for monetary sanctions and/or dismissal. See *In re Pennie & Edmonds LLP*, 323 F.3d 86 (2d Cir. 2003).

**B. 28 U.S.C. § 1927**

11. Attorneys who "multipl[y] the proceedings unreasonably and vexatiously" may be required to pay excess costs, expenses, and attorneys' fees. The standard requires a showing of bad faith or reckless conduct with indifference to the truth.

**C. Inherent Powers of the Court**

12. Federal courts have inherent authority to sanction a party who has acted in bad faith, vexatiously, See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991).

### IV. ARGUMENT

**A. The Adversary Complaint Is Factually and Legally Baseless**

13. The Action is flawed because:

    a. Plaintiff Homony's claims rely on pure speculation, not evidence;

    b.  Defendant Raja Rajan, Movant, is not a party to the Debtors' transactions, nor a transferee, cosigner, or fiduciary;

    c.  No adequate diligence was conducted by Plaintiff Homony or Coren before filing against Defendant Raja Rajan;

    d.  If a filing is not well-grounded in fact, it may be subject to sanctions See *In re Boyd*, 143 B.R. 237 (1992).

    e.  An attorney must perform a reasonable preliminary investigation of the facts before filing a document, See *In re CMGT, Inc.,* 458 B.R. 473 (2011).

**B. The Complaint Was Filed for an Improper Purpose**

  14.  Defendant Raja Rajan and Defendant Mathu Rajan (former CEO of Debtor Stream TV) are family members, and the Action is part of a personal vendetta against the family. It is apparent that Plaintiff Homony has received improper benefits or promises from the primary creditors of Stream TV, who provided false or outdated information regarding Defendant Raja Rajan's involvement in the ongoing legal disputes, which appear to range wide and far. The collaboration between Plaintiff Homony and third parties working behind the scenes may give rise to civil conspiracy claims with the abuse of process counterclaims.

  15.  Plaintiff Homony and his special legal counsel Coren are using this forum and the Action to punish Defendant Raja Rajan as a family member of the former Stream CEO rather than to resolve a legitimate bankruptcy issue.

  16.  Many of the co-conspirators with Hominy are Creditors in the Stream TV bankruptcy and they have a strong financial interest in Plaintiff Homony showing deference for them over the debtors or any other party in interest.

**C. Sanctions Are Appropriate Under Rule 9011, § 1927, and Inherent Authority**

15. Sanctions are appropriate because (i) Rule 9011 is violated because the Action is frivolous and improperly motivated, (ii) § 1927 was implicated because counsel refused to withdraw the Action after its baselessness became apparent, and (iii) this Court may also rely on its inherent authority to deter such misuse of judicial resources.

16. Plaintiff Hominy and his counsel were sent this document on May 2, 2025 and had ample opportunity to dismiss Defendant Raja voluntarily.

## V. RELIEF REQUESTED

Defendant Raja Rajan respectfully requests the Court to:

1. Dismiss the Action with prejudice;

2. Impose monetary sanctions against Plaintiff William A. Homony and/or his special legal counsel, Steven M. Coren, Esquire, sufficient to deter future misconduct, including (i) reasonable attorneys' fees and costs and (ii) additional relief the Court deems just and proper; and

3. Order Plaintiff Homony and/or his special legal counsel, Steven M. Coren, Esquire, to show cause why further sanctions should not be imposed.

Defendant Raja Rajan has provided a proposed order for the convenience of the Court.

**Dated:** June 3, 2025                                             Respectfully submitted,
                                                                    /s/
                                                                    Raja Rajan, Esquire
                                                                    *Pro Se*

**CERTIFICATE OF SERVICE**

I, Raja Rajan, certify that the undersigned was sent an email with the aforementioned on June 3, 2025 and service was also accomplished by Court's electronic system.

Steven M. Coren, Esquire
COREN & RESS, P.C.
Two Commerce Square, Suite 3900
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 735-8700
scoren@kcr-law.com
Special Counsel to the Trustee