# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: Stream TV Networks, Inc. and Technovative Media, Inc. | : : : | Chapter 11 |
| Debtors. | : : : | Bky. No. 23-10763 (DJB) |
| William A. Homony, | : : : | |
| Plaintiff | : : : | |
| v. | : : : | |
| Rembrandt 3D Holding Ltd., *et al.* | : : : | |
| Defendants. | : : : | Adv. No. 25-00138 (DJB) |

## O R D E R

**AND NOW**, upon consideration of Defendant Raja G. Rajan's ("Rajan") Motion to Compel Discovery Responses[1] (the "Motion") (Dkt. No. 4), the Plaintiff's Response to the Motion (Dkt. No. 6), and Rajan's Reply to the Plaintiff's Response (Dkt. No. 9);

---

[1] The Motion contains an asserted quote of legal authority that the Court is unable to verify. Rajan cites Chambers v. NASCO, Inc., 501 U.S. 32 (1991) and Jones v. Bank of Santa Fe, 40 F. Supp. 2d 1001 (D.N.M. 1999) [*sic*] for the following quoted language: "A party cannot shield itself from sanctions-related discovery simply by refusing to cooperate under the pretext of timing." While certainly a useful statement to the movant, it does not appear in the cited authority. Even more worrisome, the Bank of Santa Fe citation is at best inaccurate and at worst a complete fabrication. The opinion at that citation is unrelated to this matter, and while an opinion with that case name does exist, it was authored five (5) years earlier in the Tenth Circuit—not the District of New Mexico. See In re Courtesy Inns, Ltd., Inc., 40 F.3d 1084 (10th Cir. 1994).
   When submitting a filing to the Court, an attorney is verifying that the information contained within is true and any legal contentions made are warranted by existing law. See Fed. R. Civ. P. 11(b). An attorney is charged with inquiring into the credibility and application of any case citations in their filings. See Bunce v. Visual Tech. Innovations, Inc., 2025 WL 662398, at *3 (E.D. Pa. Feb. 27, 2025) (finding an attorney in violation of Rule 11(b)(2) meriting sanctions under Rule 11(c) for relying on an artificial intelligence program to draft filings and submitting those briefs to the court containing fake case citations without verifying the authenticity and veracity of those citations). Mr. Rajan purports to be acting pro se; however, Mr. Rajan is an attorney admitted to the bar of this court and holds ECF filing privileges. As such, he is acting as, and will be treated as, an attorney for all purposes here. Moving forward, I encourage the parties to remember the importance of candor to the court, compliance with the Federal Rules, and adherence to the ethical standards of the legal profession.

**AND** it appearing that the Motion is properly considered a Motion to Compel pursuant to Fed. R. Bankr. P. 7037; Fed. R. Civ. P. 37; and all local rules related thereto;

**AND** the Motion purporting to state that Rajan served discovery requests upon the Plaintiff in this adversary case and disputes the Plaintiff's responses;

**AND** it appearing that such discovery requests were served prematurely pursuant to Fed. R. Civ. P. 26(d)(1);

**AND** the Motion itself lacking the necessary pre-conference certification that would be required under Fed. R. Civ. P. 37(a)(1) and E.D. Pa. LR 26.1(f);

It is hereby **ORDERED** that the Motion is **DENIED** without prejudice.

**Date: June 04, 2025**

**DEREK J. BAKER**
**U.S. BANKRUPTCY JUDGE**