IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **Stream TV Networks, Inc.,** *et al*. | : | Bankruptcy No. 23-10763 (DJB) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

| | | |
|---|---|---|
| **William A. Homony, in his Capacity as Chapter 11 Trustee of the Bankruptcy Estates of Stream TV Networks, Inc. and Technovative Media, Inc.** | : | |
| | : | Adv. No. 25-00138  (DJB) |
| Plaintiff | : | Re: Adv. D.I. No. 17 |
| | : | |
| v. | : | |
| | : | |
| **Rembrandt 3D Holding Ltd., et al.,** | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
<u>TO RAJA RAJAN'S MOTION FOR SANCTIONS</u>**

**COREN & RESS, P.C.**
STEVEN M. COREN
Two Commerce Square, Suite 3900
2001 Market Street
Philadelphia, PA 19103
Tel: (215) 735-8700
Fax: (215) 735-5170

Special C*ounsel for Plaintiff*
*William A. Homony, Chapter 11 Trustee*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

I.    FACTUAL AND PROCEDURAL HISTORY ..................................................................... 1

II.    ARGUMENT ........................................................................................................................ 2

    A.    Legal Standards ............................................................................................................ 2

    B.    Attorney Rajan's Sanctions Motion Should Be Denied As Premature ............................. 4

    C.    Attorney Rajan's Sanctions Motion Is Legally and Factually Baseless ........................... 5

        1.    Attorney Rajan, As a Signatory To The Agreements The Trustee Seeks To Avoid, Is Likely A Necessary Party In This Action And Thus Was Named In the Complaint In Good Faith ................................................................................................................ 5

        2.    Attorney Rajan's Sanctions Motion Is Factually Baseless Given His Extensive Post-2020 Involvement With Both The Debtor and Related Entity VSI ................................ 8

III.    CONCLUSION ................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Buttermore v. Loans*, No. CV 15-1514, 2016 WL 308875 (W.D. Pa. Jan. 25, 2016) .................... 7

*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) ................................................................................ 4

*CT Install Am., LLC v. Boryszewski*, No. 22-CV-4557, 2024 WL 4582885 (E.D. Pa. Oct. 25, 2024) ................................................................................................................................. 3, 4

*Dickson v. Murphy*, 202 F. App'x 578, 580–81 (3d Cir. 2006) ........................................................ 5

*Epsilon Energy USA, Inc. v. Chesapeake Appalachia, LLC*, 80 F.4th 223 (3d Cir. 2023) ............. 6

*FCOA, LLC v. Foremost Title & Escrow Servs., LLC*, No. 17-CIV-23971, 2018 WL 624497 (S.D. Fla. Jan. 30, 2018) ............................................................................................................ 5

*Gunvor SA v. Kayablian*, 948 F.3d 214 (4th Cir. 2020) .................................................................. 7

*Iconlab, Inc. v. Bausch Health Companies, Inc.*, 828 Fed. Appx. 363 (9th Cir. 2020) .................. 7

*In re Revco D.S., Inc.*, 126 B.R. 741 (Bankr. N.D. Ohio 1991) ....................................................... 3

*In re Vascular Access Centers, L.P.*, 646 B.R. 735 (Bankr. E.D. Pa. 2022) ................................... 4

*Lichtenstein v. Consol. Servs. Grp., Inc.*, 173 F.3d 17 (1st Cir. 1999) ........................................... 4

*Margulis v. Hertz Corp.*, No. CIV.A. 14-1209, 2015 WL 1969374 (D.N.J. Apr. 30, 2015) .......... 7

*Rosenzweig v. Brunswick Corp.*, No. CIV.A. 08-807 (SDW), 2008 WL 3895485 (D.N.J. Aug. 20, 2008) ..................................................................................................................................... 7

*True the Vote v. Hosemann*, 43 F. Supp. 3d 693 (S.D. Miss. 2014) ............................................... 8

*Wittich v. Wittich*, 2006 WL 3437407 (E.D. N.Y. 2006) ................................................................ 7

**Other Authorities**

CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1337 .... 4

LAWRENCE R. AHERN, III & NANCY F. MACLEAN, BANKRUPTCY PROCEDURE MANUAL § 9011:1 (2025 ed.) .................................................................................................................................. 3

Plaintiff William A. Homony, in his capacity as Chapter 11 Trustee (the "Trustee") of the bankruptcy estates of Stream TV Networks, Inc. ("Stream") and Technovative Media Inc. ("Technovative," and collectively with Stream, the "Debtors"), by and through his undersigned counsel, submits this Memorandum of Law in support of his opposition to the Motion for Sanctions Pursuant to Bankruptcy Rule 9011, Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and the Court's Inherent Authority (the "Sanctions Motion," Adv. D.I. 17) filed by Defendant Raja Rajan ("Attorney Rajan"). In support of his opposition, Plaintiff respectfully states as follows.

I.  **FACTUAL AND PROCEDURAL HISTORY**

On April 30, 2025, the Trustee initiated the instant adversary proceeding by filing a Complaint (Adv. D.I. 1) against Defendants Rembrandt 3D Holding Ltd. ("Rembrandt"), Visual Semiconductor, Inc. ("VSI"), Mathu Rajan, Brown and Michaels, P.C., and Attorney Rajan. The Complaint seeks, *inter alia*, to avoid and invalidate any/all obligations and associated transfers in connection with a pre-petition and two post-petition agreements among Stream and Defendants. *See* Complaint at ¶ 1. Among the agreements which the complaint seeks to avoid and invalidate are: 1) a collusive Settlement Agreement and Mutual Release dated May 23, 2021 (the "Settlement Agreement") among Stream, Rembrandt, Mathu Rajan, and Attorney Rajan, attached to the Complaint as Exhibit B, and 2) a post-petition amendment to the Settlement Agreement (the "Settlement Amendment") dated August 12, 2023, among the same parties, attached to the Complaint as Exhibit E.

As alleged in the Complaint, the Settlement Agreement has terms nearly identical to those set forth in a settlement term sheet which was held to be unenforceable by the United States District Court for the Southern District of New York, before which litigation brought by Rembrandt against Stream, Mathu Rajan, and Attorney Rajan was pending. Complaint, Adv. D.I. 1 at ¶¶ 24-25. The

allegations of the Complaint are supported by, among other things, an April 20, 2021 email in which Attorney Rajan agreed with the sentiment that the purpose of the term sheet was "intentionally to bankrupt Stream." *Id.* at ¶ 24 and Exhibit D. While serving as Stream's General Counsel, Complaint at ¶ 13, just over a month after expressing agreement with the viewpoint that the Settlement Agreement was designed to intentionally bankrupt the Debtor, Attorney Rajan joined as a party and purportedly benefited from that agreement. *See* Complaint at Exhibit B.

The Complaint seeks, *inter alia*, avoidance of the obligations under the Settlement Agreement and Settlement Amendment, which necessarily impacts Attorney Rajan's rights as a party to those agreements. *See* Complaint at pp. 20-21. A monetary judgment is not sought against Attorney Rajan. *Id.*

On May 23, 2025, Attorney Rajan, appearing *pro se* in the instant adversary, filed a motion for sanctions identical to the Sanctions Motion (Adv. D.I. 7), which was denied "without prejudice for failure to comply with Local Rules: See LBR 5070-1(a), 7005-1(a), 9014-3(c)." Adv. D.I. 14. On June 3, 2025, Attorney Rajan filed the Sanctions Motion. Adv. D.I. 17.

## II.    ARGUMENT

### A.    Legal Standards

Federal Rule of Bankruptcy Procedure 9011(b) provides that an attorney who signs a pleading filed in a bankruptcy case certifies that, to the best of his knowledge, information and belief, formed after reasonable inquiry under the circumstances, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. Rule 9011 "adopts Rule 11 of the Federal Rules of Civil Procedure . . . with only minor changes for use appropriate to bankruptcy cases." *In re Revco D.S., Inc.*, 126 B.R. 741, 745

(Bankr. N.D. Ohio 1991).[1]  "In deciding whether to impose Rule 11 sanctions, a court must assess whether the conduct was reasonable under the circumstances.  The Third Circuit defines reasonableness as objective knowledge or belief at the time of the filing of the challenged paper that the claim was well-grounded in law and fact.  Sanctions should be imposed only in the exceptional circumstance where a claim or motion is patently unmeritorious or frivolous."  *CT Install Am., LLC v. Boryszewski*, No. 22-CV-4557, 2024 WL 4582885, at *2 (E.D. Pa. Oct. 25, 2024) (internal quotation marks and citations omitted).

Section 1927 provides that

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.  "To violate § 1927, an attorney must be found to have: (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct.  A party seeking an award of attorney's fees under § 1927 bears a heavy burden.  Courts should exercise discretion to award § 1927 sanctions only in instances of a serious and studied disregard for the orderly process of justice.  The Third Circuit has held that sanctions may not be imposed under § 1927 absent a finding that counsel's conduct resulted from bad faith, rather than misunderstanding, bad judgment, or well-intentioned zeal.  The attorney's conduct must be of an egregious nature, stamped by bad faith that is violative of recognized standards in the conduct of litigation."  *CT*

---

[1] *See also* Fed. R. Bankr. P. 9011, Comm. Note to 1991 and 1997 Amendments (noting that Rule 9011 conforms to Rule 11 where appropriate for bankruptcy proceedings); LAWRENCE R. AHERN, III & NANCY F. MACLEAN, BANKRUPTCY PROCEDURE MANUAL § 9011:1 (2025 ed.) ("Rule 9011 conforms to Civil Rule 11. . . . To the extent the rules are virtually identical, courts seeking illumination on Rule 9011 may look to Civil Rule 11 and cases interpreting it.").

3

*Install*, 2024 WL 4582885, at *2-*3 (internal quotation marks, alteration marks, and citations omitted).

Additionally, "[b]ankruptcy courts, like other federal courts, have inherent powers to impose sanctions for improper conduct that is abusive to the judicial system. Bankruptcy courts exercise this inherent power pursuant to section 105(a) of the Bankruptcy Code. . . . To assess attorneys' fees as a sanction under the court's inherent power, the court must make an explicit finding that the party against whom sanctions are to be imposed acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *In re Vascular Access Centers, L.P.*, 646 B.R. 735, 753 (Bankr. E.D. Pa. 2022) (internal citations and quotation marks omitted).

B.  **Attorney Rajan's Sanctions Motion Should Be Denied As Premature**

Sanctions directed at the pleadings are in the typical case most properly addressed at the end of litigation. *See, e.g., Chambers v. NASCO, Inc.*, 501 U.S. 32, 56 n. 19 (1991) (quoting Advisory Committee Notes on 1983 Amendment to Rule 11 -- "The time when sanctions are to be imposed rests in the discretion of the trial judge. However, it is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation[.]"). "Courts should, and often do, defer consideration of certain kinds of sanctions motions until the end of trial to gain a full sense of the case and to avoid unnecessary delay of disposition of the case on the merits. This is a sensible practice where the thrust of the sanctions motion is that institution of the case itself was improper." *Lichtenstein v. Consol. Servs. Grp., Inc.*, 173 F.3d 17, 23 (1st Cir. 1999) (citing 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1337, at 121 (2d ed.1990)).

Attorney Rajan's Sanctions Motion – which is directed at the pleadings, argues that the institution of the case itself is improper, and seeks dismissal with prejudice of the claims against

4

him – is the epitome of a motion which should not be decided until the end of litigation. Indeed, "the motion represents an improper attempt to convert a disagreement over the factual allegations and legal arguments in Plaintiff's complaint into a sanctions dispute. Defendant's motion is merely an attempt to seek disposition on the merits of this case via Rule 11. Yet, a Rule 11 motion is not an avenue to seek judgment on the merits of a case. Instead, its purpose is to determine whether an attorney has abused the judicial process." *FCOA, LLC v. Foremost Title & Escrow Servs., LLC*, No. 17-CIV-23971, 2018 WL 624497, at *2 (S.D. Fla. Jan. 30, 2018).

    C.    **Attorney Rajan's Sanctions Motion Is Legally and Factually Baseless**

        1.    **Attorney Rajan, As a Signatory To The Agreements The Trustee Seeks To Avoid, Is Likely A Necessary Party In This Action And Thus Was Named In the Complaint In Good Faith**

Despite acknowledging that he signed the agreements the Trustee is seeking to avoid in this adversary proceeding, Attorney Rajan argues that he was improperly included as a defendant because he signed the documents "only in his personal capacity," "ended his relationship with Stream TV in 2020," and "is being sued largely because he is the brother of [co-defendant] Mathu Rajan." Sanctions Motion at ¶¶ 2-6. Attorney Rajan fails to realize that signing and being a party to the agreements the Trustee is seeking to avoid in and of itself makes him not only a proper party, but likely a necessary party. *See, e.g., Dickson v. Murphy*, 202 F. App'x 578, 580–81 (3d Cir. 2006) (in case alleging fraud and breach of contract, affirming the "District Court['s] f[inding] that . . . non-joined parties were necessary parties because they were signatories to one or both of the agreements.").

Pursuant to Federal Rule of Civil Procedure 19(a)(1)[2]:

> A person who is subject to service of process and whose joinder will
> not deprive the court of subject-matter jurisdiction must be joined as

---

[2] Applicable in bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 7019.

5

> a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest . . . .

The Settlement Agreement provided Attorney Rajan with a general release from claims by Rembrandt, Complaint at Exhibit B, ¶ 5.b, and invalidating the agreement would necessarily impact Attorney Rajan's rights. This Court cannot grant complete relief in his absence, thus making his presence in this action mandatory pursuant to Rule 19(a)(1)(A).

Moreover, under Rule 19(a)(1)(B), Attorney Rajan claims an interest in the subject matter of this action, as he has refused the Trustee's offer to dismiss him from the action under the condition that he agree to be bound by this Court's ultimate holding as to the validity of the Settlement Agreement. *See* Ex. 1. However, even absent evidence that Attorney Rajan claims an interest, his current rights under the Settlement Agreement undoubtedly constitute such an interest and, "[w]hen necessary, . . . a court . . . should, on its own initiative, take steps to protect the absent party, who of course had no opportunity to plead and prove his interest below." *Epsilon Energy USA, Inc. v. Chesapeake Appalachia, LLC*, 80 F.4th 223, 233 (3d Cir. 2023).

Simply put, it is well-established that

> parties owning rights under disputed contracts . . . generally have a legally protected interest under Rule 19(a)(1)(B)(i). *See, e.g., E.E.O.C. v. Peabody W. Coal Co.*, 610 F.3d 1070, 1082 (9th Cir. 2010) (explaining the "underlying principle" that signatories to a contract have an interest in a lawsuit to set aside that contract); *Nat'l Union Fire Ins. Co. of Pittsburgh v. Rite Aid of S.C., Inc.*, 210 F.3d 246, 251 (4th Cir. 2000) ("As the contracting party," the absent party "has a direct interest in the district court's determination" of its contractual rights and obligations.); Story, Commentaries § 159, at 151 ("[I]n cases of joint interests, joint obligations and contracts, and joint claims, duties, and liabilities ... the general rule is, that all the joint owners, joint contractors, and other persons, having a community of interests in duties, claims or liabilities, who may be affected by the decree, should be made parties.")

6

*Id.* It is clear that Attorney Rajan currently has an interest in his rights under the Settlement Agreement and that avoidance of that agreement would impact that interest, which makes him a necessary party under Rule 19(a). *See id.*; *cf. also Rosenzweig v. Brunswick Corp.*, No. CIV.A. 08-807 (SDW), 2008 WL 3895485, at *6 (D.N.J. Aug. 20, 2008) ("Multiple District Courts have long recognized that, 'a contracting party is the paradigm of an indispensable party' in a contractual claim action." (collecting cases)); *Buttermore v. Loans*, No. CV 15-1514, 2016 WL 308875, at *1 n.1 (W.D. Pa. Jan. 25, 2016) ("it would appear that plaintiff's wife, as a signatory and obligee, would be a necessary party with respect to any cause of action that seeks to rescind, void, or modify the mortgage contract"); *Iconlab, Inc. v. Bausch Health Companies, Inc.*, 828 Fed. Appx. 363, 365–66 (9th Cir. 2020) (absent parties to contracts that court might be required to order the dissolution of are "the quintessential necessary parties"); *Wittich v. Wittich*, 2006 WL 3437407 (E.D. N.Y. 2006) (action to set aside a settlement agreement entered in a state court action among shareholders of two closely-held corporations dismissed where some nondiverse settling signatories were not parties but were indispensable); *Gunvor SA v. Kayablian*, 948 F.3d 214, 221 (4th Cir. 2020) (a contracting party is the paradigm of an indispensable party and not joining a contracting party could lead to later litigation with inconsistent obligations).[3]

As Attorney Rajan is likely a necessary party to this litigation, his inclusion as a party cannot constitute a violation of Rule 11 or 28 U.S.C. § 1927 and does not warrant sanctions under this Court's inherent authority. Inclusion of a necessary party in litigation is undoubtedly

---

[3] While there are situations where a signatory to a contract is not considered a necessary party to an action implicating that contract, such as a breach of contract action where the absent signatories are "merely contractual co-obligors," *see Margulis v. Hertz Corp.*, No. CIV.A. 14-1209, 2015 WL 1969374, at *4 (D.N.J. Apr. 30, 2015), this is not such a case, as granting the Trustee's requested relief – invalidating the Settlement Agreement and Settlement Amendment – would necessarily impact Attorney Rajan's rights.

7

"well grounded in fact and is warranted by existing law" and accordingly is not unmeritorious, much less rising to the level of patent frivolousness required for the imposition of sanctions pursuant to the authorities invoked by Attorney Rajan. *See True the Vote v. Hosemann*, 43 F. Supp. 3d 693, 744 (S.D. Miss. 2014) (denying motion for Rule 11 sanctions for inclusion of a party in a lawsuit when "it is at least arguable that the [party moving for sanctions] is a necessary party to this case for purposes of implementing a remedy"). For the same reason, Attorney Rajan fails to establish a single element of his heavy burden under Section 1927, and provides no reason for this Court to exercise its inherent sanctions authority. Attorney Rajan's motion should be denied as legally baseless.

>   2.  **Attorney Rajan's Sanctions Motion Is Factually Baseless Given His Extensive Post-2020 Involvement With Both The Debtor and Related Entity VSI**

As set forth above, Attorney Rajan's status as a signatory to the agreements which the Trustee seeks to invalidate in and of itself requires the denial of his Sanctions Motion as a matter of law. The Sanctions Motion fares no better factually. According to Attorney Rajan, sanctions are warranted because "[h]e ended his relationship with Stream TV in 2020, a year before the Stream TV-Rembrandt Settlement and three years before a subsequent amendment . . . with Rembrandt was executed in 2023. Defendant Raja Rajan was not involved with Stream TV or Mathu Rajan's business dealings and business plans after 2020." Sanctions Motion at ¶ 4. The assertion is both irrelevant and demonstrably false. First of all, the Complaint itself establishes that Attorney Rajan was involved with both Stream TV and Mathu Rajan's business dealings after 2020, as it attaches the Settlement Agreement (signed by Attorney Rajan on May 23, 2021), the Settlement Amendment (signed by Attorney Rajan on August 12, 2023), and further attaches an

8

email sent by Attorney Rajan on April 20, 2021 concerning the ruinous impact that the Settlement Agreement would have on the Debtor.  *See* Complaint at Exs. B, D, and E.

Reference to evidence beyond the Complaint confirms the lie and establishes that Attorney Rajan was extensively involved with both the Debtor and Mathu Rajan's related business dealings at VSI well beyond 2020.  At a minimum, Attorney Rajan:

- was identified as an employee who was "critical to Stream's reorganization" in a February 11, 2021 email to the Debtor's Delaware bankruptcy counsel, *see* Ex. 2;

- Was in regular contact with the Debtor's Delaware bankruptcy counsel concerning strategy matters throughout the pendency of that bankruptcy in 2021, *see, e.g.,* Ex. 3;

- was identified in the Debtor's November 1, 2023, response to the United States Trustee's Rule 2004 request in the instant bankruptcy as among those receiving "bi-monthly payments to former Stream employees displaced by the vacated Chancery Court injunction who are now engaged as independent contractors" and received payments made by VSI on behalf of the Debtors, *see*, Ex. 4 at p. 9; and

- was identified in a December 23, 2023 declaration by Mathu Rajan as among "people [who] were with Stream TV, went to VSI during the issue with the Chancery Court [and] [n]ow that we are in the Bankruptcy process, . . . are in the process of returning to Stream TV," *see* Ex. 5 at p. 3.

In the face of this incontrovertible evidence of his involvement with both the Debtor directly and with Mathu Rajan's related entity VSI, it is clear that Attorney Rajan's Sanctions Motion is factually baseless, yet another reason why it should be denied.

## III.  CONCLUSION

In light of the foregoing facts and authorities, Plaintiff respectfully requests that this Court deny Attorney Rajan's Sanctions Motion.

Dated: June 6, 2025                          Respectfully submitted,

*/s/ Steven M. Coren*
Steven M. Coren, Esquire
COREN & RESS, P.C.
Two Commerce Square, Suite 3900
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 735-8700
scoren@kcr-law.com

*Special Counsel to the Trustee*