# EXHIBIT 1

# Vagnoni, Michael

| | |
|---|---|
| **From:** | raja@rajanlawgroup.com |
| **Sent:** | Tuesday, May 13, 2025 10:17 AM |
| **To:** | Vagnoni, Michael; raja@advisory-capital-solutions.com; raja@advisory-capital-solutions.com |
| **Cc:** | George, Edmond; 'Raja Rajan' |
| **Subject:** | RE: Stream TV, et al. |

**Subject:** Re: Trustee's Position and Request for Dismissal Terms

Michael,

With respect, your email is deeply frustrating and frankly disingenuous. You know as well as I do that the arguments you've set forth are not only strained—they're nonsensical. It's clear your message is crafted more to appease your client, the Trustee, than to engage with the substance of the issues in good faith.

Let's be clear: I have never disputed that the Trustee has broad discretion in administering the estate. But that discretion has limits—notably, it does not extend to filing baseless personal claims against me or making unfounded allegations that impugn my honesty and integrity. If I were to file similarly reckless claims against you or the Trustee without a good faith basis, you would undoubtedly object—and rightly so. That's exactly the harm I've already suffered, and which continues every day that these allegations remain in the public record.

As for your position on dismissal: the notion that I must now contractually agree to be bound by some undefined and speculative future court decision—as a condition for the Trustee dismissing an obviously improper claim against me—is absurd. Whether or not any ruling has preclusive effect is a matter for courts to decide, not for the Trustee to dictate through coerced waivers.
If what the Trustee is really asking is that I preemptively waive my right to defend myself in the event I'm ever sued by Rembrandt or any other party, that's not just unreasonable—it's offensive. If that's your position, say so plainly. But don't cloak it in legalese or pretend its standard practice. It's not. And you, personally, would never accept such terms if the roles were reversed.

The Trustee should dismiss me—unconditionally. I should not be required to surrender any rights, now or in the future, just to extricate myself from a meritless and damaging lawsuit.  If the unconditional dismissal occurs this week so I can have a weekend without worry, I will consider not filing a personal defamation and abuse of process claims against him as well as variety of equitable claims.  I will sue his special counsel also—which will make matter very complicated with the communications between lawyer and client.  Courts have held that no protections exist for wrongdoing.  Please ask Trustee to dismiss me this week.  Ill file withdrawals also.  I am only active in this bankruptcy matter because I got sued by the Trustee.

Raja


**From:** Vagnoni, Michael <Michael.vagnoni@obermayer.com>
**Sent:** Tuesday, May 13, 2025 9:47 AM
**To:** raja@advisory-capital-solutions.com; 'Raja Rajan' <raja@rajanlawgroup.com>
**Cc:** George, Edmond <Edmond.George@obermayer.com>
**Subject:** RE: Stream TV, et al.

The Bankruptcy Code provides the Trustee with the sole authority to initiate the adversary proceeding.  The Trustee is seeking to avoid the obligations Stream incurred as a result of the Settlement Agreement.  Specifically, Bankruptcy Code Sections 544 and 548 provide the Trustee with standing to avoid the Settlement Agreement and Bankruptcy Code Section 704(a)(5) permits the Trustee to object to improperly filed proofs of claims.  No internal corporate authority is necessary or required.  The Trustee strongly believes that Rembrandt's claim is fraudulent and is pursuing relief to have their claims disallowed in their entirety, which he believes he is obligated to do.  If the Trustee is successful, the release you received may also be voided and may result in you being the target of renewed claims by Rembrandt.  We believe you deserve due process and the ability to participate in the adversary proceeding if you wish, which is why you are a named defendant.  It's that simple.

The Trustee reiterates his prior settlement offer to dismiss you from the adversary proceeding, subject to your agreement that you will be bound by any decision made by the Bankruptcy Court.  Any such agreement is subject to a formal stipulation approved by the Bankruptcy Court.



**Michael D. Vagnoni**
Partner

**Obermayer Rebmann Maxwell & Hippel LLP**
Centre Square West
1500 Market Street | Suite 3400
Philadelphia, PA 19102-2101
215.665.3066 tel | 215.665.3165 fax
michael.vagnoni@obermayer.com | www.obermayer.com



---

**From:** raja@advisory-capital-solutions.com <raja@advisory-capital-solutions.com>
**Sent:** Monday, May 12, 2025 4:53 PM
**To:** Vagnoni, Michael <Michael.vagnoni@obermayer.com>; raja@advisory-capital-solutions.com; 'Raja Rajan' <raja@rajanlawgroup.com>
**Cc:** George, Edmond <Edmond.George@obermayer.com>
**Subject:** RE: Stream TV, et al.

Hi Michael,

Provide me information requested in the proposed order as it relates to the adversary proceeding then I will withdraw my motion immediately.  To save you time below is the important excerpt from the proposed order:

*A full and itemized accounting of all estate expenditures from the petition date to present, including but not limited to attorney fees, litigation expenses, and payments made in connection with the adversary proceeding, b. A copy of any engagement letters, court authorizations, or **internal authority relied upon to initiate and prosecute the adversary proceeding**, c. Any monthly operating reports and/or a statement of investigation required under 11 U.S.C. § 1106(a)(3) not yet filed. As far as the attorney's fees all accrued and unbilled expenditures or obligations for future payments shall be included.*

I think all of the information you provided to me by email is vague but its before the adversary proceeding against me.  It only involves the information relating to the bankruptcy at large.  If you give me privately the information on the bold information, then I will withdraw my motion to save you time and effort.  I  want to be reasonable, but the trustee sued me personally and asserted frivolous allegations against me relating to my honesty.  The next step is to request the Court allow a Rule 2004 examination.

The only reason I can surmise as to why you wont give me the requested information is it does not exist as to any reasonable basis to sue me personally expect I signed a settlement document that released me personally.  Any one would have done the same when their employer is former and litigation costs will not be defrayed.


I don't want violate professional courtesy but these responses need to be attached any filing I need to do so an accurate picture is portrayed for the Court.

I look forward to receiving the additional information.



**From:** Vagnoni, Michael <Michael.vagnoni@obermayer.com>
**Sent:** Monday, May 12, 2025 4:30 PM
**To:** raja@advisory-capital-solutions.com
**Cc:** George, Edmond <Edmond.George@obermayer.com>
**Subject:** RE: Stream TV, et al.

Mr. Rajan:

We have provided all of the information you requested in your Motion and more, including how much has been paid to ALL of the Trustee's Bankruptcy Court Authorized counsel – nothing to date.  It remains our position that we have addressed and responded to all of the requests and relief sought in your Motion and we are hereby renewing our demand that you withdrawal the Motion entirely – not a modification or amendment.  All rights reserved.

Michael


  

### Michael D. Vagnoni
Partner

**Obermayer Rebmann Maxwell & Hippel LLP**
Centre Square West
1500 Market Street | Suite 3400
Philadelphia, PA 19102-2101
215.665.3066 tel | 215.665.3165 fax
michael.vagnoni@obermayer.com | www.obermayer.com




**From:** raja@advisory-capital-solutions.com <raja@advisory-capital-solutions.com>
**Sent:** Monday, May 12, 2025 11:55 AM
**To:** Vagnoni, Michael <Michael.vagnoni@obermayer.com>

3

**Cc:** George, Edmond <Edmond.George@obermayer.com>; raja@advisory-capital-solutions.com
**Subject:** RE: Stream TV, et al.

> **WARNING:** This email originated from an external sender. Exercise caution before clicking links or opening attachments. When in doubt, contact the IT department.

Thank you're your email. The filed information does not indicate how much was paid for the lawyer who filed the adversary complaint. Just so you know that all I care about---I have had leads cancel my solicitations due to the false allegations against me.

Nevertheless, I will file for modification amendment to my motion to get the relevant information to me and the adversarial complaint against me. He withdraws that action against me then I will withdraw this motion otherwise right now it appears (ill look at documents again to give you the benefit of the doubt) the appropriate good faith action is a modification not a full withdrawal.

So you represent the trustee for this matter but not attached?

**From:** Vagnoni, Michael <Michael.vagnoni@obermayer.com>
**Sent:** Monday, May 12, 2025 11:26 AM
**To:** Raja Rajan <raja@advisory-capital-solutions.com>
**Cc:** George, Edmond <Edmond.George@obermayer.com>
**Subject:** Stream TV, et al.

Mr. Rajan:

This firm represents William Homony in his capacity as Chapter 11 Trustee of the Bankruptcy Estates of Stream TV Networks, Inc. and Technovative Media, Inc. In response to your recently filed Motion (the "Motion") to Compel Accounting and Disclosure from Chapter 11 Trustee (the "Trustee"), attached please find a summary accounting representing the Trustee's cash receipts and disbursements from his appointment date in January 2024 to present. An itemization of this summary accounting can be located in the monthly operating reports prepared and filed by the Trustee on the Court's docket which are publicly available and are detailed in the attached spreadsheet for your easy reference. The Trustee has filed said monthly operating reports for each period since his appointment thru April 2025. The Trustee takes no position on the monthly operating reports filed by Stream TV and or Tecnovative prior to the Trustee's appointment, or the accuracy and completeness of the information contained therein. Stream TV's filed monthly operating reports including all amendments and revisions can also be located on the Court's docket and are publicly available.

The Trustee's attorneys have all been retained pursuant to Court Orders as follows:

- Obermayer Rebmann Maxwell & Hippel LLP (General Bankruptcy Counsel) – Court Order dated 1/29/2024 [D.I. 577]
- Coren & Ress, P.C. (Special Counsel) – Court Order dated 2/15/24 [D.I. 587]
- Panitch Schwarze Belisario & Nadel LLP (Special IP Counsel) – Court Order dated 12/16/24 [D.I. 888]

The Trustee hasn't made any payments to his attorneys to date. No payment of attorney fees will be made until fee applications are filed with the Court and Orders are entered approving all requests for fees and reimbursement of expenses. No such fee applications have been filed to date. The accrued and unbilled attorney fees and expenses incurred from the Trustee appointment to present are approximately $2.5 million.

Lewis Brisbois Bisgaard & Smith LLP represented Stream TV in the bankruptcy until the Trustee appointment. Lewis Brisbois filed a fee application seeking fees and expenses in the amount of approx. $2.8 million. The Trustee has filed an objection to the allowance of the fee application. That contested matter is ongoing.

One of the Trustee's statutory duties under Bankruptcy Code Section 704(a)(5) is to review and evaluate filed proofs of claim by creditors and object to the allowance of any claim that is improper. The adversary action is meant to object to the allowance and seeks to disallow the entirety of the proofs of claim filed by Rembrandt in the bankruptcy cases or in the alternative subordinate such claims under Bankruptcy Code Section 510 of the Bankruptcy Code based upon the parties' inequitable conduct both prior to and subsequent to the pending bankruptcy cases. Rembrandt's improper claims are based upon a Settlement Agreement to which you are a party. The Trustee is challenging the validity of the underlying Settlement Agreement and related amendment, to which you are also a party.

The Trustee has addressed and responded to the requests and relief sought in your Motion and hereby demands that you withdrawal the Motion as it is now rendered moot by this response. The Trustee wishes to eliminate any unnecessary and wasted attorney fees and costs related to the relief requested in the Motion in an effort to maximize creditor recoveries. Should you continue to prosecute the Motion, the Trustee may seek sanctions related to any further response as the Trustee has complied with the requests contained in the Motion.

Michael



**Michael D. Vagnoni**
Partner

**Obermayer Rebmann Maxwell & Hippel LLP**
Centre Square West
1500 Market Street | Suite 3400
Philadelphia, PA 19102-2101
215.665.3066 tel | 215.665.3165 fax
michael.vagnoni@obermayer.com | www.obermayer.com

