**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **Stream TV Networks, Inc.,** *et al.* | : | **Bankruptcy No. 23-10763 (DJB)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |
| | : | |
| **William A. Homony, in his Capacity as** | : | |
| **Chapter 11 Trustee of the Bankruptcy** | : | |
| **Estates of Stream TV Networks, Inc.** | : | |
| **and Technovative Media, Inc.** | : | **Adv. No. 25-00138  (DJB)** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **Rembrandt 3D Holding Ltd., et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**ORDER**

 **AND NOW,** upon consideration of Plaintiff's Motion for Voluntary Dismissal Pursuant

to Federal Rule of Civil Procedure 41(a)(2), it is hereby ORDERED that the Motion is Granted

and that the above-captioned adversary proceeding is DISMISSED WITHOUT PREJUDICE as

to Defendants Visual Semiconductor, Inc. and Mathu Rajan, the only remaining Defendants.


 **BY THE COURT:**


Date: _____          _____
                  DEREK J. BAKER,
                  UNITED STATES BANKRUPTCY JUDGE

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **In re:** | : | **Chapter 11** |
|  | : |  |
| **Stream TV Networks, Inc.,** *et al.* | : | **Bankruptcy No. 23-10763 (DJB)** |
|  | : |  |
| **Debtors.** | : | **(Jointly Administered)** |
|  | : |  |
|  | : |  |
| **William A. Homony, in his Capacity as** | : |  |
| **Chapter 11 Trustee of the Bankruptcy** | : |  |
| **Estates of Stream TV Networks, Inc.** | : |  |
| **and Technovative Media, Inc.** | : | **Adv. No. 25-00138  (DJB)** |
|  | : |  |
| **Plaintiff** | : | **Hearing Date: June 2, 2026** |
|  | : | **Hearing Time: 1:00 p.m.** |
| **v.** | : | **Hearing Place: Courtroom 2** |
|  | : |  |
| **Rembrandt 3D Holding Ltd., et al.,** | : |  |
|  | : |  |
| **Defendants.** | : |  |

**PLAINTIFF'S MOTION FOR VOLUNATRY DISMISSAL
PURSUANT TO FED. R. CIV. P. 41(a)(2)**

William A. Homony (the "Trustee"), in his capacity as Chapter 11 trustee of the bankruptcy estates of Stream TV Networks, Inc. ("Stream") and Technovative Media Inc. ("Technovative" or when referred to with Stream, the "Debtors"), by and through his undersigned counsel, files this Motion for Voluntary Dismissal Pursuant to Fed. R. Civ. P. 41(a)(2), and in support thereof states as follows:

1.      On April 30, 2025, the Trustee initiated the above-captioned adversary proceeding against Rembrandt 3D  Holding Ltd. ("Rembrandt"), Brown and Michaels, P.C. ("BMPC"), Visual Semiconductor, Inc. ("VSI"), Mathu Rajan, and Raja Rajan.  *See* Adv. D.I. 1 ("Complaint").

2.      On June 20, 2025, this Court entered an order approving a stipulation between the Trustee and Raja Rajan dismissing without prejudice the Trustee's claims against Raja Rajan and counterclaims filed by Raja Rajan against the Trustee.  *See* Adv. D.I. 30.

3.      On April 22, 2026, this Court entered an order (the "Partial Dismissal Order," Adv. D.I. 55) approving in part a stipulation between the Trustee, Rembrandt, and BMPC which effectuated a Court-approved settlement between Rembrandt and the Trustee and dismissed this adversary proceeding with prejudice as to Rembrandt and BMPC.

4.      The Partial Dismissal Order denied the stipulation "to the extent it seeks to unilaterally dismiss the adversary proceeding as to all other defendants.  Defendants [Mathu] Rajan and [VSI] have answered [Dkt. No. 31], therefore the Court will not dismiss the case against them absent their stipulation or separate motion.  *See* Fed. R. Civ. P. 41(a)[.]"  Adv. D.I. 55 at ¶ 2.

5.      Mathu Rajan and VSI (collectively, the "Remaining Defendants") are the only defendants remaining in this litigation.

6.      On February 12, 2026, this Court granted the Remaining Defendants' then-attorney's motion to withdraw as counsel, leaving the Remaining Defendants unrepresented in this matter.  *See* Adv. D.I. 48.

7.      On March 25, 2026, this Court entered an Order to Show Cause requiring VSI to secure replacement counsel on or before April 13, 2026 or face dismissal pursuant to Fed. R. Civ. P. 21.  *See* Adv. D.I. 51.

8.      On April 13, 2026, VSI filed a still-pending motion for extension of time to obtain counsel, stating that its principal, Mathu Rajan, was undergoing a bone marrow transplant and would be incapacitated "through at least the end of May 2026."  *See* Adv. D.I. 53.

9.      The Trustee has been unable to obtain a stipulation of dismissal from the Remaining Defendants and accordingly files the instant motion.

10.     The primary purpose of filing the Complaint was to avoid and invalidate any/all obligations and associated transfers in connection with a pre-petition settlement agreement among Stream, Rembrandt, Raja Rajan, and Mathu Rajan (attached to the Complaint as Exhibit B), a post-petition settlement amendment among the same parties (attached to the Complaint as Exhibit E), and a post-petition licensing covenant among Stream, VSI, and Rembrandt (attached to the Complaint as Exhibit F).

11.     The Complaint did not seek monetary damages against the Remaining Defendants, who were included in the Complaint because, as co-signatories to agreements which the Trustee sought to avoid, they are likely necessary parties. *See, e.g., Dickson v. Murphy*, 202 F. App'x 578, 580–81 (3d Cir. 2006) (in case alleging fraud and breach of contract, affirming the "District Court['s] f[inding] that . . . non-joined parties were necessary parties because they were signatories to one or both of the agreements.").

12.     Federal Rule of Civil Procedure 41(a)(2), applicable in the above-captioned adversary proceeding via Federal Rule of Bankruptcy Procedure 7041, provides that, absent a notice of dismissal filed prior to a defendants' answer or motion for summary judgment or a stipulation signed by all parties who have appeared, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."

13.     A motion for voluntary dismissal lies within the sound discretion of this Court. *D.C.G. ex rel. E.M.G. v. Wilson Area Sch. Dist.*, No. CIV.A. 07-CV-1357, 2009 WL 838548, at *3 (E.D. Pa. Mar. 27, 2009).

14.     The Third Circuit "has explained that a motion for a voluntary dismissal should be granted unless the defendant will suffer some prejudice other than the mere prospect of a second lawsuit." *Derrick v. Glen Mills Schs.*, No. CV 19-1541, 2023 WL 2058683, at *3 (E.D. Pa. Feb. 17, 2023) (citing *In Re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d Cir. 1990)).

15.     "Though motions for voluntary dismissal under Rule 41(a)(2) should generally be granted, in ruling on such a motion, a court must examine the prejudice to the defendant, both in terms of legal prejudice and litigation expense. The prejudice must be substantial and the prospect of a subsequent lawsuit is not sufficient to deny a motion without prejudice. Relevant factors in this analysis include the following: (1) whether the expense of a second litigation would be excessive and duplicative; (2) how much effort and expense Defendants expended in preparing for trial; (3) the extent to which the case has progressed; (4) Plaintiffs' diligence and explanation in bringing the motion to dismiss; and (5) whether the dismissal is designed to evade federal jurisdiction and frustrate the removal statute's purpose." *D.C.G. ex rel. E.M.G.*, 2009 WL 838548, at *3 (internal quotation marks and citations omitted).

16.     Because the instant matter is in its infancy, with no discovery having been conducted, no counterclaims filed by the Remaining Defendants, no scheduling order entered, and no significant motions practice, all of the foregoing factors weigh in favor of granting the voluntary dismissal. The Remaining Defendants have expended minimal effort in defending the litigation because discovery has not begun and no motions practice has occurred with respect to them. Dismissal is being sought because the Trustee has settled with Rembrandt, the principal target of this litigation, and the Remaining Defendants were included due to their status as likely necessary parties, and thus there are no concerns about the Trustee's diligence or attempts to evade federal jurisdiction.

17.    Accordingly, the Remaining Defendants will suffer no prejudice via the requested voluntary dismissal.  *Cf. Da Silva v. Temple Univ. Hosp., Inc.*, No. CV 20-01395, 2022 WL 17685546, at *4 (E.D. Pa. Dec. 15, 2022) (denying Rule 41(a)(2) dismissal "[w]here a defendant has retained counsel, undergone significant pretrial preparations, and discovery is already nearly complete, . . . as it would subject a defendant to the prospect of potentially relitigating, at some later date, claims it had put significant time and resources into defending and already litigated to the summary-judgment stage." (quotation marks and citation omitted)); *D.C.G. ex rel. E.M.G.*, 2009 WL 838548, at *3 (denying Rule 41(a)(2) dismissal where "Defendants have incurred significant effort and expense litigating this matter, including the drafting of a motion for summary judgment which was opposed by Plaintiffs," "Defendants have also filed a motion in limine," fact discovery was complete, trial was "quickly approaching," and "Plaintiffs have not provided an adequate explanation as to why they are now seeking dismissal").

WHEREFORE, the Trustee respectfully requests that this Honorable Court enter an Order discontinuing this action without prejudice as to Mathu Rajan and VSI, the only remaining Defendants.

Respectfully Submitted,

Dated: May 8, 2026

/s/ Steven M. Coren
Steven M. Coren, Esquire
COREN & RESS, P.C.
Two Commerce Square, Suite 3900
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 735-8700
scoren@kcr-law.com

5

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **In re:** | : | **Chapter 11** |
|  | : |  |
| **Stream TV Networks, Inc.,** *et al.* | : | **Bankruptcy No. 23-10763 (DJB)** |
|  | : |  |
| **Debtors.** | : | **(Jointly Administered)** |
|  | : |  |
|  | : |  |
| **William A. Homony, in his Capacity as Chapter 11 Trustee of the Bankruptcy Estates of Stream TV Networks, Inc. and Technovative Media, Inc.** | : | **Adv. No. 25-00138 (DJB)** |
| **Plaintiff** | : |  |
| **v.** | : |  |
| **Rembrandt 3D Holding Ltd., et al.,** | : |  |
| **Defendants.** | : |  |

## CERTIFICATION OF SERVICE

I hereby certify that on May 8, 2026, I did cause a true and correct copy of the Trustee's Motion for Voluntary Dismissal of the above-captioned adversary proceeding and all papers filed contemporaneously therewith, including the Notice of Motion, Response Deadline, and Hearing Date to be served on all parties registered with the Clerk to receive electronic notice via the CM/ECF system and also via First Class Mail to Visual Semiconductor, Inc. at 30 N. Gould Street, Suite R; Sheridan, WY 82801 and Mathu Rajan at 1105 William Penn Drive; Bensalem, PA 19020.

Dated: May 8, 2026.

/s/ Steven M. Coren
Steven M. Coren, Esquire
COREN & RESS, P.C.
Two Commerce Square, Suite 3900
2001 Market Street

Philadelphia, PA 19103
Telephone: (215) 735-8700
scoren@kcr-law.com

2